**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1655

_____

United States of America,          *
                                   *
                    Appellee,      *  Appeal from the United States
                                   *  District Court for the
v.                                 *  Eastern District of Arkansas
                                   *
Manuel Dawson,                     *
                                   *
                    Appellant.     *

_____

Submitted:  September 9, 1997
Filed:      October 31, 1997

_____

Before BOWMAN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

A jury found Manuel Dawson guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) (1994).  The jury also found Dawson guilty of possession with the intent to distribute a controlled substance in violation of

21 U.S.C. § 841(a)(1) (1994).  He appeals from the judgment of the District Court[1] denying his motion for judgment of acquittal on both counts.  Dawson also appeals the ruling of the District Court allowing the introduction of certain utility bills into evidence.  We affirm.

I.

During February 1996, narcotics officers placed under investigation a residence at 721 Orange Street in North Little Rock, Arkansas.  Twice during the investigation confidential informants bought small quantities of crack from someone at the premises.  Based upon these buys, the officers obtained a warrant to search the premises.  On February 12, just prior to executing the search warrant, a confidential informant made one last controlled buy with a marked twenty-dollar bill.

About an hour after the controlled buy, the officers executed the search warrant.  At the time, Dawson was seated on the front porch of the residence.  When Dawson saw the officers, he ran into the house, slamming the front door behind him.  The officers rammed the door to gain entry.  The officers immediately searched the premises and placed Dawson under arrest.

The officers recovered 2.1 grams of cocaine base from the residence and seized a loaded Rossi .22 caliber rifle located in a bedroom closet.  The search also produced three crack pipes, a spoon with residue, and some metal crack pipe cleaners.  From Dawson's pocket, officers recovered $23.00 in cash, which included the marked twenty-dollar bill.  Finally, officers seized a number of utility bills indicating service for Manuel Dawson at 721 Orange Street and a lease agreement naming Manuel Dawson as the resident of 721 Orange Street.

---

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

After receiving his <u>Miranda</u> warnings, Dawson admitted that the loaded rifle was his. Dawson also told the officers that he was the lone occupant of the residence.

## II.

Dawson asserts that the evidence was insufficient to find he intended to distribute the 2.1 grams of cocaine base. Dawson further asserts that the seized utility bills should have been excluded from evidence.

## A.

Dawson claims that the District Court erred in refusing to grant his motion for judgment of acquittal. His arguments on appeal, as best we can discern from his brief, attack only his conviction under § 841(a)(1) for possession of a controlled substance with intent to distribute. He maintains that the evidence supports "simple possession at best." Dawson's Brief at 5. We disagree.

In reviewing the denial of a motion for judgment of acquittal, we must examine the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences. <u>See</u> <u>United States v. French</u>, 88 F.3d 686, 687-88 (8th Cir. 1996). We will reverse the conviction only if "a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements." <u>United States v. Ivey</u>, 915 F.2d 380, 383 (8th Cir. 1990). "A reasonable fact-finder may find guilt beyond a reasonable doubt based solely on circumstantial evidence." <u>United States v. Garrett</u>, 948 F.2d 474, 476 (8th Cir. 1991), <u>cert. denied</u>, 117 S. Ct. 374 (1996).

The government must prove that Dawson knowingly possessed the cocaine base and that he intended to distribute it. <u>See</u> <u>United States v. Patterson</u>, 886 F.2d 217, 219 (8th Cir. 1989) (per curiam). Officers seized only 2.1 grams of cocaine base from

Dawson.  Mere possession of a small amount of cocaine, standing alone, is an insufficient basis from which to infer an intent to distribute.  See United States v. Eng, 753 F.2d 683, 687 (8th Cir. 1985).  Additional evidence indicating Dawson's intent to distribute is required to affirm his conviction.  See United States v. Franklin, 728 F.2d 994, 1000 (8th Cir. 1984) (holding that possession of 35 grams of cocaine, without other indicia of narcotics distribution, was insufficient as a matter of law to support an inference of intent to distribute).

This Court has set forth factors from which an intent to distribute a controlled substance may be inferred.  Most significant is the presence of a firearm.  See United States v. White, 969 F.2d 681, 684 (8th Cir. 1992).  "Because a gun is 'generally considered a tool of the trade for drug dealers, [it] is also evidence of intent to distribute.'"  Id. (citation omitted).  The jury was aware that Dawson was in possession of a loaded .22 caliber rifle when he was arrested.  The presence of the rifle weighs heavily against Dawson.

This Court also has considered a prior sale of crack cocaine to a confidential informant as evidence of an intent to distribute.  See United States v. Cotton, 22 F.3d 182, 184 (8th Cir. 1994);  see also United States v. Turpin, 920 F.2d 1377, 1383 (8th Cir. 1990) (holding that a jury could infer intent to distribute from defendant's past conduct of selling cocaine on previous occasions).  Here, Dawson was caught red-handed with the marked twenty-dollar bill in his pocket.  This is circumstantial evidence from which the jury easily could have inferred that Dawson sold cocaine to a confidential informant just an hour before his arrest.

An attempt to elude law enforcement officials is also a permissible indicator from which to infer an intent to distribute.  See United States v. Akers, 987 F.2d 507, 512 (8th Cir. 1993).  The jury heard evidence that Dawson attempted to flee when the officers arrived at his home to execute the warrant.

We hold that the totality of the evidence is sufficient to support Dawson's conviction on this count. The District Court was correct in denying Dawson's motion for judgment of acquittal.

B.

In an argument that would appear to attack both counts of his convictions, Dawson claims that the District Court erred when it admitted utility bills recovered by officers during the search. These bills indicated utility service in Manuel Dawson's name at 721 Orange Street, North Little Rock, Arkansas. The utility bills were offered to show that Dawson resided at the house.

We generally defer to a district court's ruling on the admissibility of evidence and reverse only if the district court abused its discretion. See United States v. Falls, 117 F.3d 1075, 1077 (8th Cir. 1997). If a district court improperly admitted evidence, we uphold the ruling if the error was harmless. See Fed. R. Crim. P. 52(a). An error is harmless if, after viewing the entire record, we determine that "'no substantial rights of the defendant were affected, and that the error did not influence or had only a very slight influence on the verdict.'" United States v. Harbin, 112 F.3d 974, 977 (8th Cir. 1997) (citations omitted).

In offering the utility bills as evidence, the government asked a testifying police officer to read to whom the bills were addressed. Dawson objected, asserting that the bills were not authenticated and contained hearsay. Over Dawson's objection, the District Court admitted the utility bills and allowed the officer to read from them.

We need not and do not decide whether the utility bills were properly admitted. Even assuming arguendo that the District Court erred in admitting the bills, the error was harmless. After careful scrutiny of the record, we find that the government admitted enough other evidence, the admissibility of which Dawson does not contest,

-5-

from which the jury could conclude that Dawson resided at 721 Orange Street. The jury heard evidence that Dawson was arrested at the Orange Street residence. At the time of Dawson's arrest, he was alone. The lease agreement presented at trial by the government named Dawson as the only resident.[2] Most importantly, the jury heard evidence that Dawson actually told officers he resided alone at the Orange Street residence. The utility bills were merely cumulative evidence. We conclude that their admission affected none of Dawson's substantial rights and had no, or only slight, influence on the verdict.

Dawson's convictions are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

---

[2]While Dawson objected at trial to the admission of the lease agreement, he waived the argument on appeal.