**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

No. 97-2660

United States of America,   *
                             *
       Appellee,       *
                             * Appeal from the United States

       v.             * District Court for the
                             * Southern District of Iowa.
Donald E. Harrison,      *
                             *
       Appellant.      *

Submitted: November 18, 1997

Filed: January 14, 1998

Before BEAM, HEANEY, and JOHN R. GIBSON.

HEANEY, Circuit Judge.

On March 6, 1997, a jury convicted Donald Harrison on one count of managing and controlling a building for the purpose of unlawfully manufacturing methamphetamines in violation of 21 U.S.C. § 856(a)(2). On June 6, 1997, the district court sentenced Harrison to a thirty-month term of imprisonment, a $100.00 assessment, and a three-year term of supervised release. Under § 856(a)(2), it is unlawful to "manage or control any building, room, or enclosure, either as an owner, lessee, agent, employee, or mortgagee, and knowingly and intentionally rent,

lease, or make available for use, with or without compensation, the building, room, or enclosure

for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance." 21 U.S.C. § 856(a)(2). Harrison's sole contention on appeal is that the government failed to prove beyond a reasonable doubt that he knowingly and intentionally rented or made the property available for the manufacture of methamphetamine. After a careful review of the record, we conclude that substantial evidence supports Harrison's conviction.

In reviewing the sufficiency of the evidence for a criminal conviction, "we look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict. We then uphold the conviction only if it is supported by substantial evidence." United States v. Black Cloud, 101 F.3d 1258, 1263 (8th Cir. 1996) (citations omitted). For evidence to be substantial, it "need not exclude every reasonable hypothesis of innocence, but simply be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty." United States v. McGuire, 45 F.3d 1177, 1186 (8th Cir. 1995) (citation omitted). Because circumstantial evidence is as inherently probative as direct evidence, Holland v. United States, 348 U.S. 121, 140 (1954), the same standard applies to verdicts based entirely or partly on circumstantial evidence. United States v. Carlson, 547 F.2d 1346, 1360 (8th Cir. 1976).

Harrison owned property at 1412 S.E. 37th Street in Des Moines, Iowa. He lived in a trailer immediately to the north of a Quonset building which housed his business, Harrison Trenching Company. Roy Chapman and

3

Michelle Robertson also lived on the property. Chapman paid Harrison $150.00 per month to keep his trailer on Harrison's property.

At trial, Chapman provided extensive testimony regarding Harrison's involvement in and knowledge of methamphetamine production on Harrison's property using Harrison's equipment. For example, Chapman testified that on January 30, 1996, he brought a coffee filter and pitcher from Harrison's property to Detective Terri

Sweeney at the Polk County Sheriff's Office. Chapman had witnessed a liquid being poured through the filter and into the pitcher and believed that this was a step in the manufacture of methamphetamines. Detective Sweeney's testimony confirmed that she received the coffee filter and pitcher from Chapman. These items were submitted for chemical analysis which revealed methamphetamine residue in both. Subsequently, the police searched Harrison's property on February 24, 1996 and June 4, 1996. Government witnesses provided testimony regarding the two searches of Harrison's property. During the searches, the police took pictures of the methamphetamine process and seized items showing traces of methamphetamine. After the February 24, 1996 search, Harrison was provided with an inventory of the items seized.

Chapman testified that he had witnessed Harrison present on at least ten occasions during the manufacture of methamphetamines on Harrison's property with Harrison's equipment. Using photographs taken of Harrison's property, Chapman described the methamphetamine production process he had observed. Chapman also testified that he had witnessed several people, including Harrison, sniffing a powder that they had referred to as methamphetamine.

In a separate proceeding, Robertson pleaded guilty to a gun charge and conspiracy to distribute methamphetamine. Pursuant to a plea agreement with the government, she testified at Harrison's trial that she obtained methamphetamine for Harrison; that she was present when methamphetamine was being made in the Quonset building on Harrison's property while he was on

5

the premises; and how the methamphetamines were manufactured on Harrison's property.

After hearing the evidence, the jury was instructed that:

> [T]he government is not required to prove Donald E. Harrison intended to use the building for the prohibited purpose. Rather, you may find Donald E. Harrison guilty . . . if you find, beyond a reasonable doubt,

that the proscribed activity manufacturing methamphetamine was present and that the defendant knew of and intentionally allowed the activity to continue, with or without compensation.

(Instruction No. 21.) With regard to intent and knowledge, the jury was instructed that:

> Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge or intent.
> You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

(Instruction No. 17.) The jury was also instructed that: "An act is done knowingly if the defendant realized what he was doing and did not act through ignorance, mistake or accident. You may consider the evidence of the defendant's acts and words, along with all the other evidence, in deciding whether the defendant acted knowingly." (Instruction No. 18.)

Harrison does not suggest, nor do we conclude, that the jury instructions misstate the law. After hearing the evidence, the jury concluded that the government proved beyond a reasonable doubt that Harrison knowingly and intentionally rented or made his property available for the manufacture of methamphetamine. After a careful review of the record, we agree that substantial evidence supports Harrison's conviction. Accordingly, we affirm.

A true copy.

7

Attest.

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.