# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1245

_____

UNITED STATES OF AMERICA,    \*
    \*
        Plaintiff/Appellee,    \* Appeal from the United States
    \* District Court for the Eastern
      v.    \* District of Arkansas
    \*
CAROLYN JOYCE DREES,    \*
    \*
        Defendant/Appellant.    \*
    \*

_____

Submitted: May 12, 1998
Filed:   June 17, 1998

_____

Before BEAM and MURPHY, Circuit Judges, and MELLOY,[1] Chief District Judge.

_____

Melloy, Chief District Judge.

_____

[1] The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

On August 28, 1997, after a three-day trial, a jury convicted Carolyn Drees of two counts: (I) access device fraud (more commonly known as "credit card fraud") in violation of 18 U.S.C. § 1029(a)(2), and (II) fraudulent use of a social security card number in violation of 42 U.S.C. § 408(a)(7)(B). On January 16, 1998, the district court[2] sentenced Drees to three years probation, with the condition that she serve the first ten months in a halfway house.

Under 18 U.S.C. § 1029(a)(2), whoever "knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period" commits access device fraud. Under 42 U.S.C. § 408(a)(7)(B), it is unlawful to intentionally deceive by "falsely represent[ing] a number to be the social security account number assigned by the Commissioner of Social Security to [her] or to another person, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to [her] or to such other person." Drees' sole contention on appeal is that the evidence at trial was insufficient to support her convictions. After a careful review of the record, we conclude that substantial evidence supports Drees' convictions.

When reviewing the sufficiency of the evidence for a criminal conviction, "we look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict. We then uphold the

---

[2] The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

conviction only if it is supported by substantial evidence." *United States v. Harrison*, 133 F.3d 1084, 1085 (8th Cir. 1998), *citing United States v. Black Cloud*, 101 F.3d 1258, 1263 (8th Cir. 1996) (quotations omitted). For evidence to be substantial, it "need not exclude every reasonable hypothesis of innocence, but simply be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty." *Harrison*, 133 F.3d at 1085, *citing United States v. McGuire*, 45 F.3d 1177, 1186 (8th Cir. 1995) (quotations omitted). Because circumstantial evidence is just as probative as direct evidence, *Harrison*, 133 F.3d at 1085, *citing Holland v. United States,* 348 U.S. 121, 140 (1954), this same standard applies to verdicts which are based entirely on circumstantial evidence. *Harrison*, 133 F.3d at 1085 (citation omitted).

Carolyn Drees' father, James R. Case, died on July 4, 1992. At the time he died, he had a zero account balance for his VISA account at Chase Manhattan Financial Services ("Chase Manhattan"). Chase Manhattan's senior fraud investigator testified at trial that two months after Mr. Case's death, Chase Manhattan had not yet been contacted about Mr. Case's death. Testimony at trial also established that on September 29, 1992, Mr. Case's account was closed and a new account was opened. This new account included issuance of a new credit card, a new personal identification number, and new credit card checks. The statements for this account were sent to Carolyn Drees' post office box.

Between October 1992 and May 1993, which was well after Mr. Case had died, four credit card checks were written on Mr. Case's account at Chase Manhattan. These checks totaled $9,700. Evidence at trial established that the

3

money from these checks was deposited into Drees' account at a different bank. In addition, numerous ATM cash withdrawals were made on Mr. Case's account, totaling over $4,000. Bank records showed, and Drees herself testified, that she made two payments on this account. When the bulk of the account remained unpaid, however, the collections department at Chase Manhattan began investigating it. At this point, Chase Manhattan realized that the withdrawals were being made on the account of a person who was deceased, so Chase Manhattan closed the account and contacted the Arkansas state police.

The investigation of Drees revealed that in addition to the withdrawals, Drees was also receiving social security disability checks at the same time as she was actively employed as a real estate agent. Investigators then learned that Drees had used her husband's social security number when she applied for a real estate application, and that she had also used her husband's social security number on various tax forms.

Drees denied ever writing fraudulent credit card checks or withdrawing money from her deceased father's account by using the ATM card. She testified that she suffers from mental lapses because of her multiple sclerosis, and that she had misunderstood the social security guidelines about what constitutes a "trial period" for employment. She admitted that she had used her husband's social security number but said that she had done so by mistake. She also testified that when she found out that she had erroneously used her husband's social security number, she tried to correct the situation immediately. Similarly, she said that she began repaying the social security disability overpayments as soon as she was notified that she could

4

not legally work and receive social security disability at the same time.

After hearing the evidence, the jury concluded that the government had proven beyond a reasonable doubt that Drees knowingly and intentionally committed both credit card fraud and fraudulent use of a social security card number. After a careful review of the record, we agree that substantial evidence supports Drees' convictions. We therefore affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.