# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1755

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Paris Battles, also known as Bouvier | * | Eastern District of Arkansas |
| P. Battles, also known as Bouvier | * | |
| Battles, also known as Paris B. Battles, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 31, 1998

Filed: September 21, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
        ARNOLD, Circuit Judges.

_____

PER CURIAM.

Paris Battles appeals from the final judgment entered in the District Court[1] for
the Eastern District of Arkansas upon a jury verdict finding him guilty of six counts of
access device fraud, in violation of 18 U.S.C. § 1029(a), (b). The district court

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the
Eastern District of Arkansas.

sentenced Battles to 16 months imprisonment and 3 years supervised release, and ordered Battles to pay an assessment of $300 and restitution of $35,507.97. For reversal, Battles argues the district court erred in (1) denying his motion for acquittal because most of the government's witnesses were unreliable and there was insufficient evidence to establish his intent to defraud and (2) denying his motion for a mistrial because the cumulative effect of prosecutorial misconduct was unduly prejudicial. For the reasons discussed below, we affirm the judgment of the district court.

In reviewing the denial of a motion for acquittal, we examine the evidence in the light most favorable to the government, and affirm unless a reasonable juror "must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements." See United States v. Dawson, 128 F.3d 675, 677 (8th Cir. 1997). At Battles's trial, his former wife, a handwriting expert, and credit card company employees testified that Battles obtained two credit cards in his former wife's name without her knowledge, and after their divorce accrued charges exceeding $1,000 on each credit card in a period of less than one year. This evidence was sufficient to support Battles's conviction of two counts of unauthorized use of access devices. See 18 U.S.C. § 1029(a)(2); United States v. Drees, 146 F.3d 604, 605-06 (8th Cir. 1998). Other testimony--including that of indicted and unindicted alleged co-conspirators as well as fraud investigators--was sufficient to establish that Battles twice used or trafficked in, and twice conspired with others to use, counterfeit credit cards. See 18 U.S.C. § 1029(a)(1), (b)(2); United States v. Maza, 93 F.3d 1390, 1399 (8th Cir. 1996) (in conspiracy case, government must prove that there was agreement among defendants to achieve some illegal purpose and that each defendant knowingly contributed efforts in furtherance of conspiracy), cert. denied, 117 S. Ct. 1008 (1997). The credibility of the government's witnesses and the weight to be given their testimony were matters for the jury. See United States v. Rolett, No. 97-3407, 1998 WL 427341, at *5 (8th Cir. July 30, 1998).

We also conclude that the district court did not abuse its discretion in denying Battles's motion for a mistrial based on prosecutorial misconduct.  See United States v. Riebold, 135 F.3d 1226, 1230 (8th Cir.) (standard of review), cert. denied, 118 S. Ct. 2356 (1998).  The government repeatedly tried to introduce evidence that Battles had not mentioned a prior job on certain employment applications and that he had been fired from that job for being at a gym when he was supposed to be on duty.  The district court sustained Battles's relevancy objections, denied his motions for a mistrial, and admonished the jury to disregard the testimony concerning the reason for Battles's discharge, but ultimately found admissible testimony that he had been fired and had lied on employment applications.  In addition, the district court ordered stricken testimony that Battles did not disclose he had an account with a department store when he applied for work there.  We believe any prejudice associated with this evidence was minimal in light of the strength of the properly admitted evidence, see United States v. Abrams, 108 F.3d 953, 956 (8th Cir. 1997), and was not such that it could not be cured by the district court's limiting instruction, see United States v. Farmer, 73 F.3d 836, 844 (8th Cir.), cert. denied, 518 U.S. 1028 (1996).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-