# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-1457

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　Plaintiff - Appellee,　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Donnell Barrow, also known as Darnell *
Barrow, also known as Donnell Burrow, *
　　　　　　　　　　　　　　　　　*
　　　Defendant - Appellant.　　　　*

_____

Submitted: February 14, 2002

Filed: April 26, 2002

_____

Before LOKEN and RILEY, Circuit Judges, and KORNMANN,[*] District Judge.

_____

LOKEN, Circuit Judge.

Donnell Barrow appeals his conviction for possession with intent to distribute more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B). He was sentenced as a career offender to 360 months in prison, followed by eight years of supervised release. On appeal, Barrow argues that the evidence at trial was insufficient to sustain the conviction, and that his Sixth

_____

[*]The HONORABLE CHARLES B. KORNMANN, United States District Judge for the District of South Dakota, sitting by designation.

Amendment right to counsel was violated when the district court[1] refused his pretrial requests for substitute appointed counsel. We affirm.

## I. Insufficiency of the Evidence.

Barrow's conviction was based upon 19.26 grams of crack cocaine found in the rear seat of a police car after Barrow was arrested for possession of marijuana and transported to a local jail in Cedar Rapids, Iowa. The arrest occurred in the early morning hours of September 14, 2000, after Cedar Rapids police stopped a vehicle operating with a broken taillight. The officers asked passenger Barrow to step out of the vehicle and subjected him to a pat down search. During the search, a small plastic bag containing a leafy green substance fell out of Barrow's shoe. The officers believed the bag contained marijuana. They asked Barrow to remove his shoes and discovered several additional packages of marijuana in his right shoe. The officers arrested Barrow and placed him in the rear seat of their patrol car, with his hands cuffed behind his back. Barrow sat in the patrol car approximately thirty minutes while the officers waited for a tow truck.

The officers then transported Barrow to the county jail for booking. They testified that he moved around constantly in the rear seat of the car during the five-minute drive to the county jail. After delivering Barrow and completing paperwork necessary to process the arrest, the officers searched the rear seat of their patrol car, discovering a plastic bag containing two smaller bags -- one bag held small "rocks" and the other held larger pieces of crack cocaine. The officers testified that, in accordance with police department policy, they had searched the car for contraband at the beginning of their shift, finding nothing, and that Barrow was the only person

---

[1]The HONORABLE MICHAEL J. MELLOY, formerly United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit.

who had been in the back of the car from the beginning of their shift until they delivered him to the jail. However, two fingerprints and a palm print found on the plastic bags did not match the prints of either Barrow or the arresting officers. On the issue of Barrow's intent to distribute, an officer testified that the quantity of crack cocaine, the packaging, and $521 in cash found on Barrow at the county jail were consistent with drug distribution. At the close of the government's case, the district court denied Barrow's motion for judgment of acquittal, and the jury found him guilty of possession with intent to distribute more than five grams of crack cocaine.

The offense of possession with intent to distribute consists of two elements: knowing possession of crack cocaine and the intent to distribute it. See United States v. Dawson, 128 F.3d 675, 677 (8th Cir. 1997). Barrow challenges the sufficiency of the evidence as to both elements. We view the evidence in the light most favorable to the jury's verdict and reverse only if we conclude that no reasonable jury could have found guilt beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Scott, 243 F.3d 1103, 1106 (8th Cir. 2001). We do not lightly overturn a jury verdict. See United States v. Davidson, 195 F.3d 402, 406 (8th Cir. 1999), cert. denied, 528 U.S. 1180, and 529 U.S. 1093 (2000).

Barrow argues there was insufficient evidence of knowing possession because bags of crack cocaine bearing someone else's fingerprints were found in the back seat of the patrol car, not on his person. We disagree. The officers testified there was no crack cocaine in the patrol car before Barrow entered it. They further testified that drug traffickers frequently hide drugs on their person in areas likely to evade detection during a pat down search for weapons, and that suspects who are attempting to get rid of contraband before a more thorough search is conducted at the jail commonly move around in the rear of a police vehicle, as Barrow did. The government also presented evidence that the manner of packaging and chemical nature of crack cocaine adversely affect the ability to detect and identify latent fingerprints on drug packages. After careful review of the trial record, we are

-3-

persuaded the government's evidence was sufficient to allow a rational jury to conclude beyond a reasonable doubt that Barrow had possessed the crack cocaine. See Dawson, 128 F.3d at 677 (rational jury may find guilt beyond a reasonable doubt based solely on circumstantial evidence).

Barrow also challenges the sufficiency of the government's evidence that he possessed the crack cocaine with intent to distribute. Circumstantial evidence such as drug quantity, packaging material, and the presence of cash may be used to establish intent to distribute, but possession of only a small quantity of illegal drugs does not justify an inference of such intent. See United States v. Lopez, 42 F.3d 463, 467 (8th Cir. 1994) (possession of 4.1 grams of methamphetamine, without more, is insufficient). Here, Barrow was in possession of 19.26 grams of crack cocaine, consisting of twenty-seven rocks of varying size having a street value of approximately $2900. A narcotics officer testified that the average dose of crack cocaine is approximately one-fourth of a gram, which means the two small bags held more than 75 doses. The government also presented testimony that a person possessing crack cocaine for personal use would normally have only two or three quarter-gram rocks, and that the manner of packaging was consistent with intent to distribute -- small rocks in one bag and larger rocks in another. The $521 in cash found on Barrow's person, and his statement to the arresting officers that he did not live in town, but had been staying in hotels for the past seven days, also supported an inference that he was engaged in drug trafficking. We conclude that the quantity and packaging of the crack cocaine and the circumstances surrounding its discovery permitted a rational jury to find possession with intent to distribute.

## II. Denial of Substitute Counsel.

Barrow argues the district court erred in denying his repeated requests for a third appointed counsel. Appointment of new counsel is warranted only when the defendant demonstrates justifiable dissatisfaction with his appointed attorney. United

States v. Swinney, 970 F.2d 494, 499 (8th Cir.), cert. denied, 506 U.S. 1011 (1992), and 507 U.S. 1007 (1993).  We review a claim of improper denial for abuse of discretion.  See United States v. Armstrong, 112 F.3d 342, 345 (8th Cir. 1997).

An assistant federal defender represented Barrow at his initial arraignment and advised the court that his client agreed to pretrial detention.  Magistrate Judge John A. Jarvey entered an order appointing a federal defender on October 31, 2000.  Four weeks later, Barrow moved *pro se* for appointment of new counsel, claiming he was unable to communicate effectively with his appointed attorney.  When that attorney transferred to a different federal defender office, Barrow's motion was denied as moot and the court appointed a second federal defender to represent him.  Barrow later complained that his first attorney waived a detention hearing without Barrow's consent.  Magistrate Judge Jarvey immediately held a detention hearing and ordered Barrow detained because he had been convicted of several felonies, was on probation for a drug crime at the time of the instant offense, and had no ties to the community.

On January 30, 2001, seven days before trial, Barrow again moved for appointment of substitute counsel, arguing counsel had pressured him to plead guilty and had not provided copies of unspecified documents.  After a hearing, Magistrate Judge Jarvey denied the motion, finding that Barrow had not expressed justifiable dissatisfaction with his second attorney and reminding Barrow that counsel was obliged to advise him of plea agreements that may be available.  Barrow appealed this ruling to the district court.  At a hearing on February 2, Barrow stated that he wanted new counsel because he distrusted the federal defender's office due to the detention hearing issue, had not been provided certain documents, and suspected that counsel had informed him of possible plea agreements because she was unwilling to try the case.  Defense counsel told the court she was ready to try the case but advised that Barrow had refused to meet with her since filing the motion for substitute counsel.  Judge Melloy denied the motion, explaining to Barrow that counsel was obliged to present any plea agreement offered by the government, which Barrow had a right to

refuse, and that none of his reasons warranted appointment of substitute counsel.[2] The court also suggested that Barrow "start talking to" counsel because the case was going to trial.

When faced with a motion to appoint substitute counsel, the district court must balance several factors, including "the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job." Hunter v. Delo, 62 F.3d 271, 274 (8th Cir. 1995). The court must conduct an adequate inquiry into the nature and extent of an alleged breakdown in attorney-client communications. Id. at 275. The focus of the justifiable dissatisfaction inquiry is the adequacy of counsel in the adversarial process, not the accused's relationship with his attorney. See Wheat v. United States, 486 U.S. 153, 159 (1988). "Last minute requests to substitute defense counsel are not favored." United States v. Klein, 13 F.3d 1182, 1185 (8th Cir.), cert. denied, 512 U.S. 1226 (1994).

Barrow moved for substitute counsel with his trial less than a week away. A court does not abuse its discretion by denying such a request if it would require a continuance. See Armstrong, 112 F.3d at 345; Swinney, 970 F.2d at 499. Moreover, both Magistrate Judge Jarvey and Judge Melloy granted Barrow hearings on his pre-trial motions for new counsel; both jurists determined that none of his complaints rose to the level of justifiable dissatisfaction. We agree. Justifiable dissatisfaction includes an irreconcilable conflict or a complete breakdown in communication. Hunter, 62 F.3d at 274. But it does not include a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous

---

[2]The court also explained that the alleged waiver of a detention hearing without Barrow's consent did not justify new counsel because the waiver was made by a different attorney, Barrow did not complain for several months and then was promptly granted a hearing, and it was extremely unlikely that he would have prevailed at an earlier detention hearing given his criminal history.

representation. <u>Swinney</u>, 970 F.2d at 499. Thus, a defendant has no right to an attorney who will docilely do as she is told, <u>Hunter</u>, 62 F.3d at 275, or to a "meaningful relationship" with appointed counsel, <u>Swinney</u>, 970 F.2d at 499. As Barrow's motions failed to demonstrate any deficiency in appointed counsel's representation, the district court properly concluded there was no total breakdown in communication, only an unwillingness on Barrow's part to communicate with counsel. In these circumstances, the court did not abuse its discretion in denying Barrow's pretrial motions for substitute counsel.[3]

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Following his conviction, Barrow again moved for substitute counsel. After a hearing, Judge Melloy stated that the federal defender had "done a fine job" at trial but granted the motion because of the lengthy sentence Barrow was facing. He was represented by a third appointed attorney at sentencing and was ultimately sentenced at the bottom of his guidelines range, 360 months in prison followed by 8 years of supervised release.