# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1202

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota |
| Martin Gilbert Ornelas, also known | * | |
| as Jose Luis Melgoza-Rodriguez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   June 24, 2002

Filed:   June 28, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Martin G. Ornelas appeals from the final judgment entered in the District Court[1] for the District of North Dakota after a jury found him guilty of (1) conspiring to possess with intent to distribute--between June 1 and July 17, 2001--over 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. § 846; and (2) possessing with intent to distribute on July 2, 2001, over 500 grams of a mixture

_____

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

containing methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a). The district court sentenced Ornelas to 240 months imprisonment and 10 years supervised release. For reversal, Ornelas argues that coconspirator Santiago Gonzalez's testimony about a June 1, 2001 transaction was a separate crime from the charged conspiracy and thus should have been excluded as prior-bad-acts evidence under Fed. R. Evid. 404. He also argues that the evidence was insufficient to support his convictions. For the reasons discussed below, we affirm the judgment of the district court.

We conclude that the challenged testimony did not implicate Rule 404, because the June 1 transaction was within the time frame of the charged conspiracy and in fact was one of the charged overt acts. See United States v. Aranda, 963 F.2d 211, 213-14 (8th Cir. 1992) (evidence of acts committed by defendant during time frame of conspiracy and in furtherance of it is not evidence of other crimes, but rather is evidence of very crime charged).

We also conclude that the evidence, viewed most favorably to the verdict, was sufficient to support Ornelas's convictions on both counts. See United States v. Johnson, 285 F.3d 744, 749-50 (8th Cir. 2002) (standard of review). Gonzalez testified that Ornelas contacted him about selling methamphetamine, that the two agreed to sell a large quantity of methamphetamine to a confidential informant (CI), that Ornelas supplied the methamphetamine for the June 1 and July 2 transactions while Gonzalez communicated with the CI and made the deliveries, and that Ornelas had hidden the methamphetamine involved in the July 2 transaction in the bumper of the car which he and Gonzalez were using to travel to Gonzalez's meeting spot with the CI. Further, telephone records showed calls made between Ornelas, Gonzalez, and the CI on July 2. See United States v. Barrow, 287 F.3d 733, 736 (8th Cir. 2002) (elements of crime of possession with intent to distribute are knowing possession of drug and intent to distribute it); United States v. Hester, 140 F.3d 753, 760 (8th Cir. 1998) (to establish drug conspiracy, government must prove existence of

agreement between two or more persons to violate federal narcotics law, defendant's knowledge of agreement, and defendant's voluntary participation in agreement).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.