# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-3110

_____

United States of America

*Plaintiff - Appellee*

v.

Agustin Nunez-Reynoso,
also known as Shorty

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 6, 2012
Filed: January 2, 2013
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Agustin Nunez-Reynoso (Reynoso) appeals the district court's[1] judgment entered after a jury found him guilty of conspiring to distribute and possess with intent to distribute drugs including cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846. The district court sentenced him to 240 months in prison and 5 years of supervised release. Reynoso's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the evidence was insufficient to support the conviction and the drug quantity attributed to Reynoso at sentencing; Reynoso has filed a pro se brief raising additional issues.

We hold that the evidence was sufficient to support the conviction. See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008) (this court reviews sufficiency of evidence in light most favorable to government, resolving evidentiary conflicts in government's favor and accepting all reasonable inferences that support jury's verdict). Walter Ochoa testified that he ran a drug-distribution organization, that Jeremy Mendoza was his assistant, and that Reynoso was one of his suppliers. He estimated that since 2007 he had received from Reynoso 5 to 10 kilograms of cocaine and at least 5 pounds of methamphetamine. Mendoza testified that Reynoso was one of Ochoa's suppliers, and that he had received a total of at least 20 pounds of methamphetamine and 10 to 20 kilograms of cocaine from Reynoso since 2006. See United States v. Hernandez, 569 F.3d 893, 896 (8th Cir. 2009) (government must prove there was agreement to distribute drugs, and defendant knew of conspiracy and joined it). It was up to the jury to resolve any inconsistent testimony, and to assess the credibility of Ochoa and Mendoza in light of their desire to secure sentencing leniency. See United States v. Hodge, 594 F.3d 614, 618 (8th Cir. 2010). Reynoso's contention that the evidence showed only a buyer-seller agreement is unavailing, as Reynoso sold resale quantities of drugs to both Ochoa and Mendoza on multiple

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

occasions. See United States v. Huggans, 650 F.3d 1210, 1222-23 (8th Cir. 2011) (evidence supported conspiracy conviction where defendant bought wholesale quantities of drugs on regular basis for several months). The testimony likewise supported the drug-quantity calculation set out in the presentence report, although we note that the district court was entitled to rely on the report's calculation in the absence of an objection to it, see United States v. Johnson, 408 F.3d 535, 539 (8th Cir. 2005).

As to the other issues Reynoso raises in his pro se brief, he cannot now argue that the search of his vehicle upon his arrest exceeded the scope of the arrest warrant, because he did not challenge the vehicle search in the district court. Cf. United States v. Dixon, 51 F.3d 1376, 1382-83 (8th Cir. 1995) (defendant waived right to challenge search warrant on appeal by failing to challenge it below). In addition, the district court did not abuse its discretion in declining to appoint new counsel for Reynoso prior to trial. See United States v. Barrow, 287 F.3d 733, 737-38 (8th Cir. 2002) (standard of review; considerations in deciding whether to appoint new counsel).

After reviewing the record--including the entire trial transcript--under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal, and we see no need for further briefing. Accordingly, the judgment is affirmed, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari. We also deny as moot Reynoso's motion to correct a clerical error, and deny his motion for new appellate counsel.

_____