# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1509

_____

United States of America,

*Plaintiff - Appellee,*

v.

Sean Conklin,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: October 25, 2013
Filed: April 29, 2014

_____

Before RILEY, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted Sean Conklin of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153. He was sentenced to a term of 45 months' imprisonment and 24 months' supervised release. Conklin appeals, arguing

that the district court[1] erred in denying his motions for judgment of acquittal because there was insufficient evidence to support the verdict. We affirm.

In April 2010, Jay Van Watermulen was staying with members of his excavation crew at the Four Bears Casino and Lodge in New Town, North Dakota, near where the crew was working on a site. On April 13, he and several co-workers went to the casino, drank several beers, and gambled. When Van Watermulen was preparing to leave, he got up and moved between a line at the bar and some tables, possibly bumping into someone. While Van Watermulen was moving, someone struck him. He ended up on the floor, bleeding from his mouth. Van Watermulen lost a tooth; his jaw, broken in three places, required oral surgery and had to be wired shut for six weeks.

At trial, Van Watermulen admitted he did not see who struck him. He also explained, however, that immediately after the assault, he observed a male saying, "I didn't mean to, I didn't mean to," as he walked away from Van Watermulen. Van Watermulen testified that his co-workers called for security to stop the man, and he was detained. The prosecution also relied on the testimony of two of Van Watermulen's co-workers and a security guard from the casino to prove that Conklin committed the assault. Duane Ahonen, one of the co-workers, testified that he became aware of a "slight altercation" and looked over to see someone throw a punch. Although he did not see where the punch landed, he saw Van Watermulen getting off the floor and bleeding from the mouth. Ahonen saw the man who threw the punch heading for the door, so he called security guards over to stop the man, and he testified that security did stop the man he saw throw the punch. Another co-worker, Wayne Weinberger, testified that Van Watermulen had pointed to the man who had hit him, and Weinberger followed the man and called for security to stop

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

him.  The casino's security shift supervisor at the time, Catlin Sitting Bear, also testified.  He stated that he responded to a radio call of a fight in progress, and that he restrained Conklin, whom the first security officer on the scene had stopped.  Sitting Bear also testified that Conklin urged Sitting Bear to release him because Conklin had "heard the other individual was not going to press charges."

At the close of the government's case and again when the defense rested, Conklin moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29.  The district court denied both motions, and the jury returned a verdict of guilty.  Conklin appeals.

Conklin challenges the sufficiency of the evidence supporting his conviction.  He argues that there was no direct evidence that he assaulted Van Watermulen, and that the government's circumstantial case is insufficient, because key testimony at trial was inherently incredible.  Whether the verdict rests on direct or circumstantial evidence, we view the evidence in the light most favorable to the verdict and will reverse only if no reasonable juror could have found guilt beyond a reasonable doubt.  *United States v. Meeks*, 639 F.3d 522, 527 (8th Cir. 2011); *United States v. Harrison*, 133 F.3d 1084, 1085 (8th Cir. 1998).

Conklin contends that no reasonable jury could have credited Weinberger's testimony.  He stresses that Weinberger testified that Van Watermulen pointed out the assailant to him, but that Van Watermulen testified he did not see who hit him.  Conklin also asserts that Weinberger said he detained the assailant, while Sitting Bear testified that a security officer detained Conklin.  Conklin asserts that Ahonen's testimony is inherently incredible because Ahonen said that he could identify Conklin as the assailant in the bar but never identified him in the courtroom during trial and said he would probably not recognize the man at trial.

"The test for rejecting evidence as incredible is extraordinarily stringent and is often said to bar reliance only on testimony asserting facts that are physically impossible." *United States v. Crenshaw*, 359 F.3d 977, 988 (8th Cir. 2004). Conklin's challenges to credibility do not meet that standard. A jury reasonably could have credited the testimony of one or more witnesses that implicated Conklin as the assailant. A reasonable jury could have given significant weight to Weinberger's testimony. Although Van Watermulen said he did not see who hit him, he did observe a man walking away from him—right after the blow—saying, "I didn't mean to, I didn't mean to." Van Watermulen assumed that the man who "didn't mean to" was the man who threw the punch. A jury reasonably could have reconciled the testimony of Weinberger and Van Watermulen by concluding that Weinberger saw Van Watermulen point out the man who said he "didn't mean to," and that the man who said he "didn't mean to" was the assailant.

The jury also could have reconciled testimony about how Conklin was detained after the incident. Weinberger testified that he followed Conklin and told him to stop, but when Conklin denied hitting Van Watermulen, Weinberger called for security, and security officers detained Conklin. Weinberger's testimony on this point is thus not inconsistent with Sitting Bear's testimony that security officers detained Conklin. Ahonen's testimony likewise is not inherently incredible. A jury reasonably could have believed that Ahonen witnessed the assault in the bar and pointed out the assailant to security in April 2010, but also that Ahonen—having seen the assailant only once during a brief encounter—probably would not have recognized the man nearly three years later during a jury trial.

The direct and circumstantial evidence presented by the prosecution was sufficient for a reasonable jury to conclude beyond a reasonable doubt that Conklin committed the charged offense. Conklin was entitled to attack the credibility of witnesses based on alleged inconsistencies during the trial, but the jury was

convinced that Conklin committed the assault, and that conclusion was reasonable based on the evidence.

Conklin's motion for leave to file a *pro se* supplemental brief is denied, consistent with Eighth Circuit policy not to consider *pro se* filings when the appellant is represented by counsel. *United States v. Martin*, 59 F.3d 767, 768 n.2 (8th Cir. 1995). The judgment of the district court is affirmed.

_____