**IN THE COURT OF APPEALS OF IOWA**

No. 15-0856
Filed March 9, 2016

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**CAMERON CORTEZ HOWARD,**
       Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Cameron Howard appeals his conviction and sentence following his guilty plea to intimidation with a dangerous weapon, felon in possession of a firearm, and willful injury causing serious injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Cameron Howard appeals following his guilty plea to one count of intimidation with a dangerous weapon, one count of felon in possession of a firearm, and one count of willful injury causing serious injury. He claims the district court abused its discretion in failing to appoint substitute counsel after determining there was a complete breakdown in communication. He further asserts the court improperly induced him to withdraw his request for a different attorney.

On January 8, 2015, the State filed a trial information charging Howard with intimidation with a dangerous weapon (Count I); felon in possession of a firearm (Count II); going armed with intent (Count III); willful injury (Count IV); and assault while participating in a forcible felony (Count V). Howard subsequently entered into a plea agreement with the State and pled guilty to counts I, II, and IV.[1]

On May 13, 2015, after meeting with Howard to discuss the presentence investigation report, defense counsel filed a combined motion in arrest of judgment and motion to withdraw. At the sentencing hearing the next day, Howard stated he did not know his attorney was filing the motions, and he did not wish to withdraw his guilty plea. The district court proceeded to engage Howard in the following colloquy regarding substitution of counsel:

> THE COURT: . . . Do you wish to have [defense counsel] act as your lawyer in connection with that sentencing or are—

---

[1] The written plea agreement provided Howard would plead guilty to counts I, II, and IV, and the State would dismiss counts III and V. The agreement further provided Howard would serve two ten-year sentences, to run concurrently, and one five-year sentence, to run consecutively, for an aggregate sentence of fifteen years.

THE DEFENDANT: No.

THE COURT: —you requesting another lawyer?

THE DEFENDANT: I want another lawyer.

THE COURT: Okay.

. . . .

THE COURT: . . . Well, Mr. Howard, I'll ask you this. I believe—it sounds like communication between you and [defense counsel] has broken down. On the other hand, the Court's hands are pretty well tied by the plea agreement here. If I sentence you today, you're going to go to prison. And I would follow the plea agreement. I do not have any issue with the plea agreement. If you come back for sentencing a different day under this plea agreement, you will be going to prison because that's what the plea agreement calls for. Maybe a different judge would have an issue with running a couple of sentences at the same time, maybe not. I don't know. But the sentence is likely to be the same whether you have [defense counsel] as a lawyer or you have someone else as a lawyer because the sentence is provided for by law. But with that in mind, do you wish to have a different lawyer and come back for sentencing a different day?

THE DEFENDANT: No.

THE COURT: All right. Now, you're sure?

THE DEFENDANT: Yes.

THE COURT: Because again, communication seems to be a little bit strained. I think what I would like you to do is take a couple of minutes and visit with [defense counsel]. If you would like to proceed today, I'll be happy to do that.

THE DEFENDANT: I want to proceed.

THE COURT: All right. But I want you to consult with him because he has to agree that he feels he can properly represent you. So take a couple of minutes and consult and then let me know.

. . . .

THE COURT: Go ahead—and have you had an opportunity to converse?

[DEFENSE COUNSEL]: Yes, we have, Your Honor.

THE COURT: All right. What would you like to do?

[DEFENSE COUNSEL]: It's my understanding he wants to proceed today.

THE COURT: Mr. Howard, is that what you'd like to do?

THE DEFENDANT: Yes.

THE COURT: I will tell you right now, I will grant your request for a different lawyer if you want one. On the other hand, if you would like to proceed today, I'll proceed today.

THE DEFENDANT: Go ahead and send me to prison. Get it over with.

THE COURT: So it's your desire to proceed with [defense counsel] as your attorney today then?
THE DEFENDANT: Yes. Do that.
THE COURT: Is that what I'm hearing?
THE DEFENDANT: Yes.

On appeal, Howard claims the district court abused its discretion by failing to appoint substitute counsel. He claims there was a complete breakdown in communication between himself and defense counsel because he told defense counsel at their meeting the day before his sentencing hearing that he had been coerced into taking the plea bargain, he was dissatisfied with defense counsel's representation, and he had filed an ethics complaint against defense counsel. He also contends defense counsel's filing of a motion to withdraw further demonstrates a breakdown in their attorney-client relationship. Finally, he asserts the district court was required to appoint substitute counsel after determining a breakdown in communication had occurred rather than advising him that the outcome of his case would be the same regardless of who was representing him due to the terms of his written plea agreement.

We review a district court's denial of a request for substitute counsel for an abuse of discretion. *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001). To establish the court abused its discretion, Howard must show the court based its decision "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* (citation omitted). To justify the appointment of substitute counsel, a defendant must show sufficient cause, which includes a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between counsel and the defendant. *Id.* at 778–79. When a defendant requests substitute counsel based on an alleged breakdown in communication, the

defendant must show he was prejudiced by the court's decision denying his request. *Id.* at 779; *see State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007) ("[G]eneral frustration and dissatisfaction with defense counsel expressed by a defendant does not alone render counsel unable to perform as a zealous and effective advocate. The focus of the inquiry is . . . 'the adequacy of counsel in the adversarial process.'" (quoting *United States v. Barrow*, 287 F.3d 733, 738 (8th Cir. 2002))). "The court has considerable discretion whether to grant substitute counsel, and eleventh-hour requests for substitute counsel are generally disfavored." *Boggs*, 741 N.W.2d at 506 (citing *State v. Tejeda*, 677 N.W.2d 744, 749 (Iowa 2004)).

Upon our review of the record, we find the district court engaged in a careful colloquy with Howard, reviewed the background on the status of the case and probable outcomes of any delays, gave him time to consider his options, and insisted that he consult further with counsel. We conclude the district court did not abuse its discretion in denying Howard's request for substitute counsel, especially given Howard's repeated demands to proceed with sentencing after the district court offered to appoint substitute counsel. Furthermore, even if the court had abused its discretion, Howard has not shown he was prejudiced by the court's decision. *See Lopez*, 633 N.W.2d at 779. Consequently, the district court properly denied Howard's request for substitute counsel. We affirm.

**AFFIRMED.**