# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3598

_____

United States of America,

*Plaintiff - Appellee*,

v.

Brandon Devon Wilson,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 16, 2017
Filed: March 19, 2018
[Unpublished]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Brandon Wilson pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court[1] found

_____

[1] The Honorable Linda R. Reade, then Chief Judge, United States District Court for the Northern District of Iowa.

that he was responsible for 603 grams of cocaine base under the sentencing guidelines, and determined an advisory range of 168 to 210 months' imprisonment. Wilson sought a sentence at the bottom of the range; the court sentenced him at the top, to 210 months.

Wilson appeals the sentence, arguing that it is substantively unreasonable because the district court ignored two mitigating factors. In particular, he complains that the court gave no weight to the facts that he cooperated with the government (albeit without providing substantial assistance under USSG § 5K1.1) and that he lacked parental guidance as a youth, because his father was absent and his mother was a drug addict.

We review the reasonableness of Wilson's sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and we presume that a sentence within the advisory guideline range is reasonable. *United States v. Bauer*, 626 F.3d 1004, 1010 (8th Cir. 2010); *see Rita v. United States*, 551 U.S. 338, 347 (2007). Although the court did not specifically discuss Wilson's asserted cooperation and lack of parental guidance, the information was presented to the court at the hearing, and the court stated that it "considered everything [it knew] about Mr. Wilson" before sentencing him. But in explaining the sentence, the court emphasized certain aggravating factors—Wilson's continued participation in the drug trade, his violent criminal history, and his noncompliance with conditions of supervision—that the court evidently found more significant than Wilson's proffered mitigating circumstances. The district court "has substantial latitude to determine how much weight to give the various factors under § 3553(a)," *United States v. Ruelas-Mendez*, 556 F.3d 655, 657 (8th Cir. 2009), and we see no basis to declare an abuse of discretion in the court's decision to impose a sentence of 210 months' imprisonment.[2]

---

[2]Wilson also submitted a *pro se* supplemental brief, but it is Eighth Circuit policy not to consider multiple filings from a litigant who is represented by counsel.

The judgment of the district court is affirmed.

_____

_____

*United States v. Conklin*, 750 F.3d 773, 775 (8th Cir. 2014).