# IN THE COURT OF APPEALS OF IOWA

No. 22-0915
Filed September 13, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KELVIN DEVELL WILLFORM,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Emily Dean, District Associate Judge.

The defendant appeals his conviction for operating while intoxicated, first offense. **AFFIRMED.**

Mark C. Meyer, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Kelvin Willform appeals his conviction for operating while intoxicated, first offense. He argues he received ineffective assistance of counsel, which resulted in his jury-trial waiver not being knowing and voluntary. He also asserts that the trial court abused its discretion in denying his request for the appointment of new counsel during trial. Willform's ineffective-assistance-of-counsel claim cannot be raised on direct appeal, and the trial court did not abuse its discretion in denying his request for new counsel. Accordingly, we affirm.

## I.    Background Facts & Prior Proceedings

Willform was stopped by Des Moines County Sheriff's Deputy Kolton Atkins after the deputy received a report of an intoxicated driver. Deputy Atkins smelled the odor of alcohol on Willform's breath and observed that Willform's eyes were watery and bloodshot. He also noted that Willform's pupils were dilated and Willform was slurring his words. Deputy Atkins testified that Willform admitted to having "a drink while coming from town." Willform later denied making this concession.

Deputy Atkins performed the horizontal gaze and nystagmus test. Willform had difficulty following Deputy Atkins's instructions during the test. Willform failed this test, scoring six out of six clues indicating intoxication. No other field sobriety tests were performed.[1] Willform was arrested and transported to the Des Moines County jail. At the jail, Deputy Atkins asked Willform to submit to a breath test.

---

[1] Deputy Atkins did not perform two other field sobriety tests, the nine-step walk-and-turn test and the one-leg stand test, as Willform informed the deputy that he had a previous back injury and surgery. The deputy testified that he did not feel it was safe for Willform to perform these two other tests.

Willform was uncooperative, and Deputy Atkins eventually concluded Willform was refusing to submit to the test.

Willform was charged with operating while intoxicated, first offense, in violation of Iowa Code section 321J.2 (2021). On the morning of the trial, with potential jurors already summoned to the courthouse, Willform waived his right to a trial by jury. This waiver was supported by a signed document, and the court conducted a colloquy to confirm Willform's waiver was intelligent, knowing, and voluntary. After the court explained the consequences of a jury waiver, Willform again confirmed that he wished to waive his right to trial by jury. Willform's attorney advised the court that although he had counseled his client against a waiver, Willform had made the decision to waive his right to a jury. The court accepted the waiver.

After Willform's counsel began his opening statement, Willform interjected and asked the judge for appointment of new counsel: "Your honor, I see the railroad here so I'm going to fire him and I'm going to go ahead and ask for new appointment of counsel . . ." Willform stated he was personally unprepared for trial and that he felt his attorney was not capable of representing him. The court denied that request. Willform's attorney then requested to withdraw. The court denied the motion. Following the bench trial, Willform was convicted. He was sentenced to serve forty-eight hours in the Des Moines County Jail and ordered to pay a fine of $1250. Willform filed this timely appeal.

## II. Ineffective Assistance of Counsel

Willform raises the waiver of jury trial as an ineffective-assistance-of-counsel claim. Such claims cannot be addressed on direct appeal and are

preserved for postconviction relief. Iowa Code § 814.7 (2023) ("An ineffective assistance of counsel claim shall be determined by filing an application for postconviction relief . . . . [T]he claim shall not be decided on direct appeal from the criminal proceedings."). We are unable to address Willform's claim of ineffective assistance of counsel in this direct appeal.

We note that Willform re-packages this claim in his reply brief as a "free-standing" claim. But "[w]e generally will not consider issues raised for the first time in a reply brief in an appeal." *State v. Shackford*, 952 N.W.2d 141, 147–48 (Iowa 2020). As a result, we do not consider Willform's claim of inadequate jury-trial waiver as a free-standing claim raised for the first time in his reply brief. We turn to Willform's remaining challenge to the trial court's denial for new counsel.

### III. Standard of Review

The denial of a request for substitute counsel is reviewed for abuse of discretion. *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001). Abuse of discretion is established by a showing that "'the court exercised the discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *Id.* (quoting *State v. Maghee*, 573 N.W.2d 1, 5 (Iowa 1997)).

### IV. Request for New Counsel

Willform argues that there was a breakdown in attorney-client communications and that the trial court failed to make the necessary inquiry into those allegations; instead, simply finding no breakdown and denying Willform's request.

The Sixth Amendment provides criminal defendants the right to counsel, but "[t]he Sixth Amendment right to counsel does not guarantee a 'meaningful

relationship between an accused and his counsel.'" *Lopez*, 633 N.W.2d at 778 (quoting *Morris v. Slappy*, 461 U.S. 1, 14 (1983)). Although, when a defendant requests substitute counsel, generally the court has a duty of inquiry. *State v. Tejeda*, 677 N.W.2d 744, 750 (Iowa 2004).

There is an adequate inquiry when "the presiding judge, when apprised of a potential breakdown in communication, personally ask[s] the defendant at a hearing to explain the nature of the communication problem." *Id.* at 751. At the same time, "[w]hen the defendant provides no reason to believe that such a breakdown has occurred, a court does not abuse their discretion in denying the request for substitute counsel." *State v. Hunziker*, No. 20-0086, 2022 WL 108623, at *10 (Iowa Ct. App. Jan. 12, 2022).

Additionally, in making a request "[t]he defendant must show the grounds to justify substitute counsel." *State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007). This can include a complete breakdown in communication between the defendant and counsel, as Willform alleges here. *See id.* "'[T]o prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible.'" *Tejeda*, 677 N.W.2d at 752 (quoting *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002)). Willform has not presented such evidence.

At trial, Willform initiated his request for new counsel by interrupting his attorney's opening statement. When he did so, he provided little additional basis for his complaint beyond asserting that he was unprepared and that he felt his attorney was not qualified to represent him in this OWI case. Although a complete

breakdown in communication supports substitution, general dissatisfaction and frustration with counsel does not:

> The focus of the inquiry is not on the defendant's relationship with his or her attorney, but "the adequacy of counsel in the adversarial process." In reality, "a person accused of a crime is often genuinely unhappy with an appointed counsel who is nevertheless doing a good job." Thus, not all criticism lodged by a defendant against defense counsel requires new counsel.

*Boggs*, 741 N.W.2d at 506 (quoting *United States v. Barrow*, 287 F.3d 733, 738 (8th Cir. 2002)). To this point, the court found that Willform's counsel was "probably the most seasoned defense attorney" in the sub-district, and counsel stated that he had several times attempted to contact Willform by phone to no avail and had set a meeting that Willform did not attend.

We also highlight that "[t]he court has considerable discretion whether to grant substitute counsel, and eleventh-hour requests for substitute counsel are generally disfavored." *Id.* Although a court has a duty to conduct an inquiry into a request for substitute counsel, courts are not required to "conduct a hearing every time a dissatisfied defendant lodges a complaint about his attorney." *Tejeda*, 677 N.W.2d at 751. In fact, the court needs to balance the defendant's rights to counsel and the public's interest in the prompt and efficient administration of justice, and "[t]he court should not permit a defendant to manipulate the right to counsel to delay or disrupt the trial." *Lopez*, 633 N.W.2d at 779. Further, "the court should not allow 'last-minute requests to substitute counsel . . . to become a tactic for delay.'" *Id.* (quoting *United States v. Swinney*, 970 F.2d 494, 499 (8th Cir. 1992)).

And Willform would still have to demonstrate that he was prejudiced by the denial of his request for new counsel: "A defendant must ordinarily show prejudice,

unless he has been denied counsel or counsel has a conflict of interest." *State v. Brooks*, 540 N.W.2d 270, 272 (Iowa 1995). "[P]rejudice governing the denial of substitute counsel is recognized when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.'" *Boggs*, 741 N.W.2d at 507 (quoting *Bell v. Cone*, 535 U.S. 685, 696 (2002)). Willform has not demonstrated prejudice. Willform's counsel conducted extensive cross-examination of witnesses and addressed the facts that Willform now argues may have resulted in his acquittal by a jury. Finding no abuse of discretion, we affirm.

**AFFIRMED.**