09-2477-cr
United States v. Reed (Jordan)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of February, two thousand eleven.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
*Circuit Judges*,
J. GARVAN MURTHA,
*District Judge.*[*]

------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                          No. 09-2477-cr

JAMES REED, also known as Fats, BYRON COBB, also known as Cobb, THEODORE HUFFMAN, JAMAR PAUL, also known as Crook, CHRISTOPHER HUFF, SHELTRICE RHODES, CURTIS MOSS, and NORMA THOMPSON,
*Defendants*,

MARTELL L. JORDAN, also known as Telly,
*Defendant-Appellant*.

-------------------------------------------------------------------

[*] The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLANT:     DAVID M. SAMEL, Law Office of David M. Samel, New York, New York.

FOR APPELLEE:     STEPHAN J. BACZYNSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

A jury convicted Martell Jordan of conspiracy to possess with intent to distribute or to distribute certain amounts of cocaine, see 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; possession with intent to distribute 50 grams or more of cocaine base, see id. § 841(a)(1), (b)(1)(A); possession of cocaine base, see id. § 844(a); and possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1), (2). On appeal, he challenges his conviction and sentence both through counsel and *pro se*. Finding no merit in his arguments, we affirm.

Jordan first contests the validity of the warrant pursuant to which federal agents searched his home.[1] He argues that the agent who applied for the warrant failed to disclose that the source of his information was a criminal informant, and that omitting this allegedly

---

[1] The magistrate judge below recommended denial of Jordan's motion to suppress, and Jordan did not object to the magistrate judge's ruling. This failure to object ordinarily "waives a party's right to review." Fed. R. Crim. P. 59(b)(2). Nevertheless, because we find no merit in his claim, the result does not change even if we overlook the waiver – or, alternatively, if we analyze the prejudice prong of Jordan's claim that his counsel was ineffective for failing to press the objection, see Kimmelman v. Morrison, 477 U.S. 365, 375 (1986).

2

"critical" information undermined the constitutionality of the government's search. See United States v. Reilly, 76 F.3d 1271, 1280-82 (2d Cir. 1996). But the agent's affidavit explicitly described the informant as a "cooperating witness" who was referred to the agent by an Assistant United States Attorney and spoke to the government under a "proffer agreement." The affidavit thus provided the magistrate with all the information needed to evaluate the informant's credibility.

Jordan also argues that the warrant's "supporting affidavit did not provide probable cause." The affidavit relates the cooperating witness's detailed descriptions of illegal weapons possession and drug activity in the apartment to be searched, as told over the course of multiple interviews. It includes not only the basis for the informant's knowledge but also the type and amount of drugs being sold, the type of guns present, the layout of the premises, and the appearance of the perpetrators. It also discusses the agent's corroborative investigation, during which the agent observed the same car that the informant described and learned that a resident of the house has a record with several arrests for drug and firearm offenses. Assuming without deciding that this falls short of providing probable cause, it is not the sort of "bare bones affidavit" that would make reliance upon it unreasonable. United States v. Leon, 468 U.S. 897, 926 (1984) (quotation marks omitted). We therefore cannot say that the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 923.

Jordan next argues that the district court relied on erroneous guidelines calculations in setting his 25-year sentence, an argument he admits he did not raise below. We need not

3

decide, however, whether there was any error, plain or otherwise, in Jordan's sentence, because any such error could not matter in this case. At the time of Jordan's sentencing, Second Circuit precedent allowed sentences under 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 924(c) to run concurrently rather than consecutively, see United States v. Williams, 558 F.3d 166, 167-68 (2d Cir. 2009), meaning that the district court could have sentenced Jordan to as few as 20 years' total incarceration (the mandatory minimum for a recidivist offender under § 841(b)(1)(A) alone). As we have now recognized, see United States v. Valentin (Mejia), ___ F.3d ___, No. 07-5289-cr (2d Cir. Feb. 9, 2011), the Supreme Court recently rejected this conclusion in Abbott v. United States, 131 S. Ct. 18, 23 (2010), and vacated our Williams decision that had held otherwise, see 131 S. Ct. 632 (2010). Under Abbott, the five-year minimum for § 924(c) *must* run consecutively to any other sentences under the circumstances present in this case. (The government so argued below, albeit recognizing the adverse state of Second Circuit precedent at the time.) Therefore, even if we found error in the district court's Guidelines calculation and remanded for resentencing, Jordan could get no less than the 25-year sentence he is already serving.

Jordan next attacks the effectiveness of his counsel below on several grounds. See Strickland v. Washington, 466 U.S. 668, 686 (1984). We have disposed of two of these grounds already: First, Jordan cannot show prejudice from his counsel's failure to press his suppression motion beyond the magistrate judge because we have found that the suppression motion was rightly denied. Second, Jordan cannot show prejudice from the failure to raise certain sentencing arguments because he received the lowest sentence that he may receive,

even though he might have received a lower sentence under our then-current but later-overturned precedents. A defendant suffers no cognizable prejudice when he fails to obtain legal error in his favor. See Lockhart v. Fretwell, 506 U.S. 364, 369-71 (1993).

Jordan's other claims of ineffective assistance – involving counsel's failure to seek a mistrial after a witness's testimony was struck for improper hearsay and counsel's failure to call certain other witnesses – are more difficult to evaluate from our vantage point, "on a trial record not developed precisely for the object of litigating or preserving the[se] claim[s]." Massaro v. United States, 538 U.S. 500, 505 (2003). We therefore decline to hear them, without prejudice to Jordan raising them in a subsequent proceeding under 28 U.S.C. § 2255.

Finally, Jordan raises a number of additional claims in a supplemental *pro se* brief. He first argues that there was insufficient evidence to convict him of conspiracy. He does not dispute the existence of a conspiracy, but claims that he only bought drugs from the other members of the conspiracy without being a member of the conspiracy himself. See United States v. Hawkins, 547 F.3d 66, 71-72 (2d Cir. 2008). He acknowledges, however, that the evidence showed he and the other conspirators would "pool their money and make a trip to another city where they could secure the needed supply" of drugs. The evidence also showed that he would cook crack with another conspirator and sell drugs with that conspirator. With such evidence, the jury could certainly conclude that Jordan "knowingly joined and participated" in the conspiracy, id. at 71, and was not, as Jordan suggests, simply a purchaser who traveled along with others to the same source of drugs, cf. United States v. Pressler, 256 F.3d 144, 154 (3d Cir. 2001).

5

We may reject Jordan's other *pro se* arguments without much discussion. (1) "A defendant has no right to confront a 'witness' who provides no evidence at trial," United States ex rel. Meadows v. New York, 426 F.2d 1176, 1184 (2d Cir. 1970), and for this reason Jordan had no right to cross-examine the cooperating witness whose information provided the basis for the warrant. (2) The district court did not violate Jordan's confrontation rights by admitting a laboratory report and testimony about it when Jordan had stipulated to the report's admission. "[D]efense counsel may waive a defendant's Sixth Amendment right to confrontation where the decision is one of trial tactics or strategy that might be considered sound," United States v. Plitman, 194 F.3d 59, 64 (2d Cir. 1999), and Jordan neither criticizes counsel's decision to stipulate to the report nor identifies any inaccuracy in the testimony to which he now objects. (3) We decline to address Jordan's claim of ineffective representation based on counsel's failure to object to the government's leading questions on direct examination. Jordan may raise this claim in a § 2255 motion. (4) The alleged misconduct in the prosecutor's summation, if error at all, was not "so severe and significant as to result in the denial of [Jordan's] right to a fair trial," United States v. Locascio, 6 F.3d 924, 945 (2d Cir. 1993), especially not under the plain error standard we apply to claims not raised below, see Fed. R. Crim. P. 52(b). (5) Jordan's *pro se* sentencing arguments could not affect his sentence for the same reason as his counseled sentencing arguments: he may not lawfully receive any shorter sentence on remand than the one he already has.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court