# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1249

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Curtis Kelley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 11, 2014
Filed: December 16, 2014

_____

Before RILEY, Chief Judge, SMITH and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

A grand jury indicted Christopher Kelley on two counts of arson. Before trial, Kelley moved to have his court appointed attorney replaced. The magistrate judge denied Kelley's motion. On the morning Kelley's trial was to begin, Kelley moved for substitute counsel or, alternatively, to proceed pro se. The district court denied the motion. At trial, a jury found Kelley guilty on both arson counts. Kelley now directly appeals the district court's orders regarding his representation at trial. We

affirm in part and, retaining jurisdiction, remand in part to the district court for clarification.[1]

## I.    BACKGROUND

After Kelley filed an affidavit of financial status, the magistrate judge appointed a federal public defender to represent Kelley.  Five months later, on December 7, 2012, Kelley filed a "Notice of Defendant's Request for Substitution of Counsel," claiming his public defender was "ineffective." The magistrate judge heard argument on Kelley's request three days later.[2]  At the hearing, Kelley personally submitted a letter to the court with detailed complaints about the public defender.

Responding to the specific issues raised in the letter, the magistrate judge first determined Kelley's concern that his counsel failed to test certain evidence was moot because the evidence had been destroyed.  Similarly, the magistrate judge found Kelley's attorney could not examine some other evidence because it, too, had been destroyed nine months before Kelley was indicted.  Kelley also complained his counsel did not appropriately communicate with him, but the magistrate judge found Kelley partly at fault for missing meetings with his attorney.

After addressing Kelley's additional concerns, the magistrate judge turned to Kelley's request for substitute counsel, including his claim that the public defender was ineffective.  The magistrate judge informed Kelley, "You can't raise the claim of ineffective assistance of counsel prior to a finding of guilt in a case.  That can only be raised in a . . . § 2255."  Nevertheless, the magistrate judge concluded, "I don't think you have a valid claim for ineffective assistance of counsel . . . . [and] I don't see any reason for substitution of counsel at this point at all."

---

[1]We have appellate jurisdiction under 28 U.S.C. § 1291.

[2]At that time, trial was set to begin January 7, 2013.

Kelley then complained the attorney had failed to file any pretrial motions, including a motion to suppress. The magistrate judge stated,

> There's no basis for me to appoint new counsel. . . . Under the law you have no right, when you receive appointed counsel, to decide whether or not you get new counsel. That's a decision for the Court. I find, for the record, [the public defender] is doing an extremely competent job in representing you from what I can see. He has given you good advice. He has explained why he hasn't filed any pretrial motions to suppress evidence. I find those explanations are reasonable. And based upon a solid foundation on what the law is and what his obligation is to do, to defend people in criminal cases[,] I'm going to deny your request for substitution of counsel.

Later, the magistrate judge granted Kelley's motions to continue, setting trial for April 22, 2013.

On April 16, 2013, the magistrate judge gave notice for a status conference to be held the next day. The magistrate judge explained he called the hearing at the public defender's request, because Kelley wanted to discuss attorney representation again. The magistrate judge addressed Kelley's particular concerns with the public defender's trial preparation, but Kelley did not expressly request substitute counsel.

On April 22, 2013, the first day of trial, Kelley appeared in person for the first time before the district court. Before trial, the public defender informed the district court that Kelley did not want the public defender to represent him. The district court excluded the prosecutor from the courtroom, although at Kelley's request, some observers remained. Kelley explained to the district court that Kelley had not had a chance to view all the evidence against him and he had several communication problems with his attorney. After the public defender explained his view, Kelley told the court, "I'm desperate. I don't trust him, and I don't think he's helping me at

-3-

all. . . . I think he's working against me, he's controlling information against me."
The district court found,

> I think [the public defender] has very clearly explained that he is making decisions in your best interests. They may be decisions that you don't fully understand because you don't understand the rules of evidence and you don't understand the rules of criminal procedure, and you've never presented a case to a jury . . . . In fact, I believe he's probably gone above and beyond what his responsibilities entail in this particular case. And so I am not at this point or at any point in this trial going to grant your request for a new attorney or to discharge [the public defender].

Kelley then stated, "Since you won't provide substitution, I would like to move for the court to allow me to represent myself, contingent upon getting a continuance for me to review the evidence and prepare." The district court replied,

> Mr. Kelley, as I've said before, I do not believe that granting a continuance at this point is appropriate or necessary. This case has been set for trial on at least one other occasion. The case is ready to move forward. You have expressed identical, if not very similar concerns with respect to [the public defender] I know for a long period of time now, and I don't believe that a continuance is necessary, nor appropriate.
>
> Now, knowing that I'm not going to grant a continuance, *is it your wish that you proceed pro se and without [the public defender] representing you?*

(Emphasis added). Kelley never answered the question orally. At that point, an "unidentified female" in the courtroom shouted, "Has [the district judge] seen the document?"[3] The district court acknowledged there was a document on the bench, and the public defender stated it was from Kelley. The district court called for a break in the proceedings so she could look at the document: Kelley's pro se "motion

---

[3]Kelley later identified the interjecting woman as Tara Ballenger, his girlfriend.

-4-

to replace court appointed attorney for ineffective assistance of counsel." Kelley wrote,

> Counsel has caused a loss of trust, as well as unnecessary delays to the court, by outright lying to me about motions and subpoenas he'd filed, evidence he had sent to the lab for testing, witnesses and experts he was planning to interview. This has rendered me utterly unable to trust my attorney and constitutes a complete breakdown in communication. Because so many of the lies were revealed so close to trial date, it has also made it impossible for me to seek relief from the court in a more timely fashion. . . . If the Court refuses to appoint another attorney to properly represent me in spite of the fact that I am still willing to work with an attorney, I object that this will be a denial of due process. . . . I am ignorant of the laws, of the court rules, and of court procedure. If the court expects me to either represent myself or accept inadequate counsel, it would be a denial of due process.

Kelley requested two alternate "remedies":

> 1. If the court allows, counsel will withdraw and the court will appoint new counsel and grant a continuance.
>
> 2. If the court denies substitution, I move for the court to allow me to represent myself with the understanding that I am forced to exercise a choice between incompetent or unprepared counsel and appearing pro se.

When the district judge returned to the courtroom after the recess, she stated,

> I have had the opportunity to review the motion to replace court-appointed attorney for ineffective assistance of counsel that Mr. Kelley provided. And, Mr. Kelley, I don't see anything in this document that changes my opinion or is essentially anything new from the conversation that you and I had. . . . So I'm going to deny your motion, deny your request for substitute counsel, and proceed today with a trial.

After a three-day trial, the jury returned a guilty verdict on both arson counts. Kelley appeals.

## II.   DISCUSSION

### A.   Request for Substitute Counsel

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. "The Supreme Court has interpreted this right to counsel as requiring that indigent defendants be provided counsel unless the right has been voluntarily and intelligently waived." Koenig v. North Dakota, 755 F.3d 636, 640 (8th Cir. 2014) (citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). "Appointment of new counsel is warranted only when the defendant demonstrates justifiable dissatisfaction with his appointed attorney." United States v. Barrow, 287 F.3d 733, 737 (8th Cir. 2002). "When faced with a motion to appoint substitute counsel, the district court must balance several factors, including 'the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job.'" Id. at 738 (quoting Hunter v. Delo, 62 F.3d 271, 274 (8th Cir. 1995)). "We review a denial of a motion for new counsel under the abuse of discretion standard." United States v. Baisden, 713 F.3d 450, 454 (8th Cir. 2013).

### 1.   Request to Magistrate Judge

Kelley appeals the magistrate judge's denial of his motion for substitute counsel. Yet Kelley did not contest the magistrate judge's ruling by filing an objection in the district court, so he is precluded from assigning error to this ruling now on appeal. See Fed. R. Crim. P. 59(a) (providing that after a magistrate judge issues an order on a nondispositive matter, that is, "any matter that does not dispose of a charge or a defense," a party has fourteen days to file objections with the district judge, and "[f]ailure to object in accordance with this rule waives a party's right to review"). "This waiver provision is intended to establish the requirements for

objecting in a district court in order to preserve appellate review of magistrate judges' decisions." Id. advisory committee's note; cf. Thomas v. Arn, 474 U.S. 140, 154-55 (1985).

This circuit has not yet considered Rule 59. In the context of Federal Rule of Civil Procedure 72, from which Criminal Rule 59 is "derived in part," advisory committee's note, supra, our court decided that a litigant waived his appeal of a magistrate judge's denial of a pretrial, nondispositive motion when the litigant did not file any objections to the magistrate judge's order before the district court. See McDonald v. City of Saint Paul, 679 F.3d 698, 709 (8th Cir. 2012) (citing Fed. R. Civ. P. 72(a)); see also Daley v. Marriott Int'l, Inc., 415 F.3d 889, 893 n.9 (8th Cir. 2005) (agreeing with the First Circuit, "'[W]hen . . . a litigant could have tested a magistrate's ruling by bringing it before the district judge, but failed to do so within the allotted [now 14–day] period [in Rule 72(a)], he cannot later leapfrog the trial court and appeal the ruling directly to the court of appeals.'" (second and fourth alterations in original) (quoting Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993))).[4] We hold Kelley waived his right to appeal this nondispositive issue by failing to file objections with the district court, as required by Federal Rule of Criminal Procedure 59(a).

---

[4] Our earlier concerns regarding notice, see, e.g., Lorin Corp. v. Goto & Co., 700 F.2d 1202, 1207 (8th Cir. 1983) (holding a litigant's "failure to object to the Magistrate's report did not, in the circumstances of this case, operate as a waiver of its right to appeal from the District Court to this Court," but not deciding "[w]hether the result might be different . . . if a local rule of the District Court, or the notice sent by the Magistrate, or both, had clearly informed [the litigant] that failure to object would bar its appeal to this Court"), are relieved by the explicit notices of waiver supplied by Criminal Rule 59(a) ("Failure to object in accordance with this rule waives a party's right to review.") and by Civil Rule 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

Because Rule 59(a), like the Sixth Circuit's waiver rule[5] discussed in Thomas, is a "nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice." Thomas, 474 U.S. at 144-45, 155 & n.15; see also United States v. George, 573 F. App'x 465, 471 (6th Cir. 2014) (unpublished) ("declin[ing] to find [defendant's] failure to object [to the magistrate judge's report] preclude[d] his appeal" and reviewing for plain error); United States v. Reed, 409 F. App'x 471, 473 n.1 (2d Cir. 2011) (unpublished summary order) (stating, "because we find no merit in [the defendant's] claim, the result does not change even if we overlook the [Rule 59] waiver"); United States v. Foster, 406 F. App'x 690, 691 (4th Cir. 2010) (unpublished per curiam) (noting defendant "waived appellate review" under Rule 59(a), but the issue failed on the merits on de novo review nonetheless).

In this case, even if we were to excuse Kelley's waiver and review the magistrate judge's decision, Kelley cannot prevail. Kelley initially requested substitute counsel because of disagreements over discovery strategy, trial tactics, and a purported lack of communication. Many of Kelley's specific arguments merely showed his unfamiliarity with the rules of evidence and criminal procedure. Kelley wished his attorney had been more open and spent more time with him, and he wished his attorney treated him more civilly. We do not perceive any of Kelley's specific complaints to the magistrate judge as rising to the level of "[j]ustifiable dissatisfaction," which "does not include a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation. Thus, a defendant has no right to an attorney who will docilely do as []he is told, or to a 'meaningful relationship' with appointed counsel." Barrow, 287 F.3d at 738 (internal citations omitted) (citing Hunter, 62 F.3d at 275, and quoting

---

[5]See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981) (prospectively "holding that a party shall file objections with the district court or else waive right to appeal," so long as the "party shall be informed by the magistrate that objections must be filed within ten days or further appeal is waived," well before the adoption of Rule 59).

United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992)). A defendant is entitled to competent and effective legal counsel, nothing more.

Kelley emphasizes the fact that the magistrate judge stated Kelley should raise his ineffective assistance claims in a post-conviction habeas corpus action filed pursuant to 28 U.S.C. § 2255. Kelley contends the magistrate judge's "preoccupation with the procedural posture of Mr. Kelley's claims suggests [the magistrate judge] did not give proper weight to *the effect* of Mr. Kelley's allegations." Kelley may be correct that the magistrate judge technically erred when he stated the ineffective assistance claim "can *only* be raised in a . . . § 2255." (Emphasis added). See, e.g., United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1990) ("Ordinarily we do not consider ineffective assistance of counsel arguments in direct appeals. Here, however, since the record was fully developed at a post-trial hearing, we will consider the argument." (internal citations omitted)).

Nevertheless, the record demonstrates the magistrate judge carefully considered Kelley's request for substitute counsel:

> Let's move on to -- there [are] two other issues here. One is a request for [the public defender] to provide you information on how to request substitution of counsel. That's why we're here today. [The public defender] notified the Court that he needed to have a hearing on this issue which is the normal and usual way that attorneys inform the court that there might be potential problems with a client. And so that's a purpose for this hearing.

Although Kelley produced evidence of friction in his interaction with the public defender, the magistrate judge did not plainly err in denying substitute counsel.[6]

---

[6]After the trial was over, Kelley learned the public defender held a faculty position with the University of Missouri, the arson victim. At a post-trial hearing on Kelley's motion to remove counsel and proceed pro se for sentencing—which was

### 2. Request to District Judge

On the day the jury trial was set to begin, the district court first held an ex parte pretrial hearing, without the government present, to address Kelley's renewed request for substitute counsel. Kelley stated his complaints about his public defender, which the district court addressed by stating, "And so your concerns seem to fall into maybe two broad categories: No. 1, he hasn't shared with you all of the evidence that the government produces, has produced against you; and, No. 2, that you don't trust the actions he's taking on more of a day-to-day basis with respect to your defense and how he's going to present your defense to the jury." The public defender then addressed Kelley's concerns:

> [Kelley has] spent more time in our office reviewing discovery than any client I've had . . . . He's had access to see everything that we've seen. Sometimes he's chosen instead of watching a seven-hour video to freeze a frame and spend an hour sketching a single frame of that video. . . . [S]ometimes . . . he comes in and looks at evidence and then a week later acts like he's never seen it before, and we have to show it to him again. . . . In response to his concerns about trial strategy, trial tactics, interviewing witnesses, frankly, it is somewhat more difficult to have a firm trial strategy when the facts are very difficult against you . . . For example, ten days ago we requested to know specifically what type of fire system was used. . . . I advised against it, but we made that request because Mr. Kelley wanted it, and that resulted in a new fire report that . . . appears to connect Mr. Kelley even more strongly with the moment that the fire alarm went off. . . . [W]e then have to steer around that fact.

The district court denied Kelley's fourth motion for a continuance and the motion for substitute counsel.

---

granted— Kelley, now appearing pro se, raised the issue with the magistrate judge, who declined to address the matter, referring the issue to a later time on "the claim of ineffective assistance." We do not consider Kelley's conflict-of-interest argument here.

The district court did not abuse its discretion in finding, "based upon the comments [Kelley] made and the response [the public defender] made[, the public defender] is [not] doing anything other than acting in [Kelley's] best interests." As with the request to the magistrate judge, we do not perceive any of Kelley's specific complaints as rising to the level of "[j]ustifiable dissatisfaction." Barrow, 287 F.3d at 738. After a careful review of the record, we cannot say the district court abused its discretion in denying Kelley's motion for substitute counsel.

### B. Right of Self-Representation

"In the federal courts, the right of self-representation has been protected by statute since the beginnings of our Nation." Faretta v. California, 422 U.S. 806, 812 (1975); see, e.g., 28 U.S.C. § 1654. "'[T]he Constitution does not force a lawyer upon a defendant.'" United States v. Warner, 428 F.2d 730, 733 (8th Cir. 1970) (alteration in original) (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 279 (1942)). "To thrust counsel upon the accused, against his considered wish, . . . violates the logic of the [Sixth] Amendment. In such a case, counsel is not an assistant, but a master; and the right to make a defense is stripped of the personal character upon which the Amendment insists." Faretta, 422 U.S. at 820 (footnote omitted).

> When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must knowingly and intelligently forgo those relinquished benefits. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.

Id. at 835 (quotations omitted).

-11-

"The right to self-representation, however, is not absolute. *Once the defendant makes a clear and unequivocal request to represent himself*, a court may nonetheless deny the request in certain circumstances," such as when the request is untimely, the defendant "engages in serious and obstructionist misconduct," and when the defendant is unable to produce a "valid waiver" of right to counsel. United States v. Edelmann, 458 F.3d 791, 808 (8th Cir. 2006) (emphasis added) (internal citation omitted) (quoting Faretta, 422 U.S. at 834 n.46) (internal quotation marks omitted). "If [a defendant's] request" to "assert his right to self-representation" "is clear and unequivocal, a Faretta hearing *must follow*." Bilauski v. Steele, 754 F.3d 519, 522 (8th Cir. 2014) (emphasis added); see also United States v. Cromer, 389 F.3d 662, 682 (6th Cir. 2004) ("We agree that Faretta procedures are only required when a defendant has clearly and unequivocally asserted his right to proceed *pro se*."); Dorman v. Wainwright, 798 F.2d 1358, 1366 (11th Cir. 1986) ("To invoke his Sixth Amendment right under Faretta a defendant . . . must do no more than state his request, either orally or in writing, unambiguously to the court so that no reasonable person can say that the request was not made. . . . [T]he court must then conduct a hearing on the waiver of the right to counsel."). "We review the district court's decision [to deny a request to proceed pro se] *de novo*." United States v. Mosley, 607 F.3d 555, 558 (8th Cir. 2010).

In Mosley, we affirmed the district court's denial of Mosley's motion to proceed pro se even though the district court "did not expressly articulate its reasons" for the denial. Id. But in that case, the district court denied an appeal of a magistrate judge's written ruling, and the district court "explained to Mosley that he had reviewed the proceedings before the magistrate judge," so our court was "satisfied that the district court adopted the magistrate judge's reasoning," and we took "the district court's statements as an adoption of the magistrate judge's conclusion that Mosley could not proceed *pro se* because he was unwilling to participate in the proceedings." Id. at 558-59.

-12-

In this case, the district court recognized Kelley's request to proceed pro se: "Now, knowing that I'm not going to grant a continuance, is it your wish that you proceed pro se and without [the public defender] representing you?" The district court then denied Kelley's pro se request without any explicit discussion, perhaps due to the unusual circumstance of a courtroom observer shouting a question during ex parte proceedings, which resulted in a recess. We do not know if the district court found Kelley's request to be unclear and equivocal, in the first instance, see Bilauski, 754 F.3d at 522, or if the district court found the request untimely or obstructionist, or if the district court found Kelley could not produce a valid waiver of his right to counsel. The district court did not engage in a Faretta inquiry on the record. Because we find the record before us wanting, we remand to the district court for clarification of its ruling.

## III.  CONCLUSION

We affirm the district court's denial of substitute counsel. We otherwise remand to the district court for an explication of its reasons for denying Kelley's request to proceed pro se on the first day of trial. Subject to the district court's clarification of this issue, we retain jurisdiction over this appeal for further review.

_____

-13-