# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3309

_____

United States of America

*Plaintiff - Appellee*

v.

Vernice Charles Christian

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted:  May 7, 2015
Filed: May 12, 2015
[Unpublished]

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Vernice Charles Christian challenges the district court's[1] judgment entered upon a jury verdict finding him guilty of two drug-

[1]The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

trafficking counts. Christian's counsel has moved to withdraw, and in a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel challenges the district court's denial--on the morning of the first day of trial--of Christian's motion to appoint new counsel. In a pro se supplemental brief, Christian contends that the district court erred in failing to group the two drug counts for sentencing purposes.

Upon careful review, we conclude that the district court did not abuse its discretion in denying appointment of new counsel. The court properly inquired about Christian's dissatisfaction with counsel, and determined that he had not shown justifiable dissatisfaction warranting new counsel. <u>See</u> <u>United States v. Kelley</u>, 774 F.3d 434, 438 (8th Cir. 2014). As to the pro se argument, at sentencing the district court in fact grouped the offenses before applying the career-offender Guideline and ultimately varying downward from the resulting Guidelines range based on the court's conclusion that the scope of the offenses in this case did not warrant a career-offender sentence.

Further, having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, subject to counsel informing Christian about procedures for seeking rehearing or filing a petition for certiorari. The judgment is affirmed.

_____