# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3311

_____

United States of America

*Plaintiff - Appellee*

v.

Hal Harkrader

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: November 16, 2015
Filed: January 13, 2016
[Unpublished]

_____

Before SMITH, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Hal Harkrader was convicted of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). The district court[1] sentenced Harkrader to 144 months of

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

imprisonment. Harkrader appeals contending the district court erred by denying counsel's motion to withdraw. We affirm.

I

Harkrader was indicted for receipt of child pornography and the lesser included offense of possession of child pornography. Without the benefit of a plea agreement, Harkrader pleaded guilty to receipt of child pornography. During the change-of-plea hearing,[2] Harkrader explained his learning disability and expressed that no one made any threats or promises in order to get him to plead guilty. Before the factual basis for the plea was established, Harkrader and his attorney spoke privately; after that conversation, Harkrader acknowledged he downloaded pornographic images of minors. When asked to plead "guilty" or "not guilty," Harkrader responded "[d]on't got a choice. It's guilty." The court reminded Harkrader he did have a choice and could proceed to trial, but Harkrader confirmed he wished to plead guilty.

At sentencing, Harkrader's attorney asked for a sentence significantly below the guidelines, in part because Harkrader has cognitive problems dating back to childhood and because Harkrader sometimes had difficulty understanding the legal proceedings.

Harkrader exercised his right to allocution, wherein he acknowledged his guilt of possession of child pornography, but initially denied his guilt of receipt of child pornography. Harkrader acknowledged he picked up the computer, which contained the child pornography, from the curb. Harkrader also expressed his frustration with the government failing to offer him a plea deal for the lesser included offense of possession of child pornography. The following exchange then occurred:

---

[2]Harkrader consented to pleading guilty in front of a magistrate judge. Magistrate Judge Celeste F. Bremer conducted the change-of-plea hearing and issued a report and recommendation recommending the guilty plea be accepted. The district court adopted the report and recommendation.

THE COURT: Well, did you do it or didn't you?

THE DEFENDANT: No. That's what I've been trying to tell people, but because it was in my possession, things have snowballed and gone downhill for me, you know.

THE COURT: Well, why did you admit to downloading child pornography then?

THE DEFENDANT: I wasn't given a choice. Go to trial and get more time or plead guilty to the charges.

THE COURT: So you lied at the time you entered your guilty plea here?

THE DEFENDANT: I didn't lie. I did what I was told to.

THE COURT: By whom?

THE DEFENDANT: I was told by [my attorney]. He said, you know, you go to trial and get more time or plead guilty to the charges.

[DEFENSE COUNSEL]: Perhaps, Your Honor, we should continue the sentencing and I should withdraw as counsel and new counsel should be appointed to represent Mr. Harkrader at this point.

THE COURT: Thank you. No.

Sent. Transcript 6-7. After the government argued, Harkrader's attorney renewed his motion to withdraw as counsel. The district court again denied the motion and explained it did not believe Harkrader's claims, and did not view Harkrader's position as adverse to his attorney's. After the district court imposed the sentence, Harkrader's attorney renewed his motion to withdraw, and the district court granted the motion. New counsel was appointed.

Harkrader timely appealed, raising the sole issue of whether the district court abused its discretion in refusing to allow Harkrader's counsel to withdraw during sentencing because of the potential attorney-client conflict.

II

"Whether to grant a continuance and substitution of counsel is a matter committed to the sound discretion of the district court." United States v. Redd, 318 F.3d 778, 783 (8th Cir. 2003) (quoting United States v. Swinney, 970 F.2d 494, 499 (8th Cir. 1992)). We review for abuse of discretion a district court's decision to deny counsel's request to withdraw. United States v. Carlson, 613 F.3d 813, 818 (8th Cir. 2010).

"Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." Wood v. Georgia, 450 U.S. 261, 271 (1981). When appointment of replacement counsel is requested, a district court is required to appoint new counsel "only when the defendant demonstrates justifiable dissatisfaction with his appointed attorney." United States v. Kelley, 774 F.3d 434, 438 (8th Cir. 2014) (internal quotation marks omitted). Justifiable dissatisfaction warranting replacement of counsel includes a conflict of interest. Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991). If the defendant raises "a seemingly substantial complaint" then the district court must "inquire thoroughly into the factual basis of the defendant's dissatisfaction." Id.

Harkrader argues the district court abused its discretion in failing to inquire thoroughly into the factual basis of his dissatisfaction with his attorney and the potential conflict of interest. When a defendant raises a seemingly substantial complaint, our cases contemplate trial courts "must make the kind of inquiry that might ease the defendant's dissatisfaction, distrust, or concern." Smith, 923 F.3d at

-4-

1320. The district court's on-the-record inquiry, although brief, sufficiently addressed Harkrader's complaints. See United States v. Rodriguez, 612 F.3d 1049, 1054 (8th Cir. 2010) ("[T]he nature of the factual inquiry into potential conflicts is case-specific and . . . in some instances[] the court would have the relevant facts without engaging in an intensive inquiry."); United States v. Jones, 795 F.3d 791, 797 (8th Cir. 2015) (finding that, even when *no* inquiry was made, the district court "had all the information necessary to make a ruling"). Harkrader's claim here occurred at sentencing—more than five months after he pleaded guilty. See Kelley, 774 F.3d at 438 (acknowledging district courts must balance many factors when faced with a motion to appoint substitute counsel, including "the need to thwart abusive delay tactics"). The district court made a credibility determination during the sentencing hearing, and did not believe Harkrader's claims of innocence or coercion. See United States v. Battle, 774 F.3d 504, 517 (8th Cir. 2014) cert. denied, 135 S. Ct. 1881 (2015) ("Credibility determinations are squarely within the discretion of the district court and are given special deference." (internal quotation marks omitted)) The district court did not abuse its discretion in denying counsel's substitution motion.

III

For the foregoing reasons, we affirm the judgment of the district court.

_____