IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. WEATHERS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRANDON J. WEATHERS, APPELLANT.

Filed March 26, 2019.    No. A-18-483.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Brandon J. Weathers, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Brandon J. Weathers appeals the order of the district court for Douglas County which denied his motion for postconviction relief without an evidentiary hearing. We affirm.

### BACKGROUND

Weathers was charged with two counts of first degree sexual assault of a child. In December 2014, the Douglas County Public Defender's office was appointed to represent him. In October 2015, Weathers filed a pro se motion to dismiss his counsel and appoint substitute counsel. A hearing on the motion was held, and Weathers argued that his counsel was not trying to help him and had not done anything on the case. After Weathers indicated that he was unable to afford private counsel, the court informed him that his choices then were to retain his public defender or represent himself. The court strongly advised Weathers that representing himself was not a good

- 1 -

idea given the serious charges he was facing, but he nonetheless decided to do so. The court then appointed his previously appointed counsel as his standby counsel.

Weathers represented himself during a jury trial in December 2015, and the jury found him guilty. He was sentenced to two consecutive terms of 50 to 80 years' imprisonment. Weathers appealed his convictions and sentences to this court and was appointed different counsel for his direct appeal. We affirmed. See *State v. Weathers*, No. A-16-305, 2017 WL 24777 (Neb. App. Jan. 3, 2017) (selected for posting to court website).

In December 2017, Weathers filed a pro se amended verified motion for postconviction relief. He raised numerous issues related to trial errors, ineffective assistance of standby counsel, and ineffective assistance of appellate counsel. The district court determined that the trial errors raised in the motion were procedurally barred because they could have been raised on direct appeal. In addition, the court found that because Weathers chose to represent himself at trial, he waived his constitutional right to counsel, and thus, his ineffective assistance of standby counsel claims were denied. Finally, the ineffective assistance of appellate counsel claims were denied because Weathers failed to articulate any issues that would have changed the result of the appeal. The district court therefore denied the postconviction motion without an evidentiary hearing. Weathers now appeals.

ASSIGNMENT OF ERROR

Weathers assigns, consolidated, that the district court erred in denying his motion for postconviction relief without an evidentiary hearing.

STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Amaya*, 298 Neb. 70, 902 N.W.2d 675 (2017). The lower court's findings of fact will be upheld unless such findings are clearly erroneous. *Id*.

ANALYSIS

Although Weathers' assigned error is broad, we understand his argument on appeal to boil down to one issue: his appellate counsel was ineffective in failing to raise on direct appeal the denial of his motion to dismiss counsel and appoint substitute counsel. He argues that if such error had been raised on appeal, it would have been successful because the district court failed to fulfill its obligation to thoroughly inquire into the complaint he raised about appointed counsel.

Once a defendant requesting substitute counsel has raised a seemingly substantial complaint about counsel, the court has a duty to thoroughly inquire into the complaint. *State v. Davlin*, 265 Neb. 386, 658 N.W.2d 1 (2003). The Nebraska Supreme Court adopted this principle from *Smith v. Lockhart*, 923 F.2d 1314 (8th Cir. 1991). Thus, assuming Weathers raised a substantial complaint, we look to *Smith v. Lockhart* and its progeny to determine whether the district court's inquiry into that complaint was sufficient.

The nature of the factual inquiry into the basis for a motion for substitute counsel is case specific, and a thorough inquiry may not necessitate a separate hearing on the matter. See *U.S. v. Jones*, 662 F.3d 1018 (8th Cir. 2011). In *U.S. v. Jones*, 795 F.3d 791 (8th Cir. 2015), the Eighth Circuit held that the magistrate judge did not abuse his discretion in denying the defendant's motion for substitute counsel without inquiry where the defendant's motion thoroughly explained his reasons for requesting a new lawyer, and the district court had all the information necessary to make a ruling. The court observed that in some cases, no inquiry may be required because all of the relevant facts have already been disclosed to the court.

Although Weathers' written motion for substitute counsel listed several reasons he believed that his counsel was not performing satisfactorily, in his reply brief on appeal, Weathers clarifies that he filed the motion because of his belief that at least one, if not two, of the cell phones that had been seized during the investigation in this case contained text messages that would exonerate him, and defense counsel had failed or refused to pursue this information.

The issue of allegedly missing text messages from cell phones was brought to the district court's attention on numerous occasions in this case before Weathers sought substitute counsel. In May 2015, Weathers filed a pro se motion to compel data from cell phones. The matter was addressed at a hearing on June 18. Weathers argued that he had repeatedly asked defense counsel for information from the cell phones, but counsel had not tried to get it. Defense counsel responded that he had addressed the issue with the prosecutor, and he felt confident that the prosecutor did not have any additional information, but it was his understanding that the prosecutor was going to ask the police if there was any additional information available. Defense counsel said that the prosecutor had already turned over to him information on phone calls and text messages, and he felt confident that if there was any additional information regarding text messages, the prosecutor would turn it over as well. The prosecutor agreed that he would find out if there was any additional information available, and if so, he would turn it over to the defense.

In July 2015, Weathers sent a pro se letter to the court, in which he again raised the issue of missing text messages from confiscated cell phones. On October 1, the district court filed copies of several letters that had been sent by Weathers to the court in August and September. In the letters, Weathers reiterates his belief that text messages are being withheld from him, and his defense counsel is not pursing the matter.

On October 28, 2015, Weathers filed the operative pro se motion to dismiss counsel and appoint substitute counsel. Among other reasons, Weathers asserted that his counsel still had not tried to retrieve the missing text messages. On November 2, Weathers filed a pro se motion to continue, and one of the reasons he sought a continuance was because "all text message evidence has not been turned over." That same day, he filed a pro se motion to produce for examination related to the cell phones and text messages.

At a November 4, 2015, hearing on the motions, the court first addressed the motion to produce for examination. Weathers argued that there were "some inconsistencies" with the text message information he had received and that he had never received any text message information from a certain cell phone, and despite asking defense counsel for it, Weathers claimed that counsel had never attempted to get it. Defense counsel said that Weathers had had the opportunity to review all of the information in counsel's possession, and counsel again spoke with the prosecutor who

- 3 -

said that she would follow up on that issue. The prosecutor confirmed to the court that she would "double check" to ensure that all of the cell phone information had been turned over to the defense. The court then moved on to address the motion to dismiss counsel, and Weathers explained that he did not believe that counsel was trying to help him and complained about what he perceived to be counsel's lack of work on the case.

At the time the motion to dismiss counsel was addressed, the district court allowed Weathers to explain his dissatisfaction with counsel but asked few questions. By that point, however, the court was well aware of Weathers' belief that text message information was still missing and that his defense counsel had not addressed the issue to Weathers' satisfaction. The court was also aware that when the matter had previously been addressed on the record, defense counsel explained that he had spoken to the prosecutor who assured him that all cell phone information had been provided to the defense, and all information defense counsel had had been turned over to Weathers personally. Thus, the court already had the information necessary to determine whether Weathers' dissatisfaction with his counsel rose to the level sufficient to dismiss counsel and appoint substitute counsel, and little additional inquiry was required. In other words, based on the history of the case, the court was well aware that Weathers believed the State was withholding text messages from him, and defense counsel had not attempted to gain that information, and that the State had repeatedly checked to ensure that all cell phone information had been disclosed to the defense.

In order to prevail on a motion for substitute counsel, Weathers had to show justifiable dissatisfaction with counsel, and reasons for justifiable dissatisfaction include a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant. *Smith v. Lockhart*, 923 F.2d 1314 (8th Cir. 1991). Justifiable dissatisfaction does not include a defendant's frustration with counsel who does not share defendant's tactical opinions but continues to provide zealous representation. *U.S. v. Kelley*, 774 F.3d 434 (8th Cir. 2014).

Likewise, under Nebraska law, when a defendant becomes dissatisfied with court-appointed counsel, unless the defendant can show good cause to the court for the removal of counsel, his or her only alternative is to proceed pro se if competent to do so. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000), *abrogated on other grounds, State v. Mata*, 275 Neb. 1, 745 N.W.2d 229 (2008). The right of an indigent defendant to have counsel does not give the defendant the right to be represented by counsel of his or her own choosing, and mere distrust of, or dissatisfaction with, appointed counsel is not enough to secure the appointment of substitute counsel. *Id*.

In the present case, none of the complaints Weathers raised rose to the level of justifiable dissatisfaction or good cause upon which the court should have granted substitute counsel. Therefore, given the nature of Weathers' complaints and the background of the case leading up to the hearing on the motion to dismiss counsel, the district court conducted an appropriately thorough inquiry into the factual basis for the motion. Accordingly, if appellate counsel had raised this issue on direct appeal, it would not have been successful; therefore, appellate counsel was not ineffective in failing to raise this issue on direct appeal. See *State v. Ely*, 295 Neb. 607, 889 N.W.2d 377 (2017) (appellate counsel could not have been ineffective for failing to make meritless

argument). As a result, the district court did not err in denying the motion for postconviction relief on this basis.

To the extent Weathers raises additional issues including appellate counsel's failure to object to the bill of exceptions for two missing hearings, pretrial issues by trial counsel that were not raised by appellate counsel on direct appeal, or any sort of structural error, such issues were not specifically argued in his brief. See *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court). We therefore do not address these issues.

CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED.