# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2666
_____

United States of America

*Plaintiff - Appellee*

v.

Emmanuel J. Sanders

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: October 2, 2020
Filed: October 8, 2020
[Unpublished]
_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Emmanuel Sanders appeals after he pled guilty to drug and firearm offenses, pursuant to a plea agreement containing an appeal waiver, and the district court imposed a sentence above the advisory range under the United States Sentencing Guidelines Manual ("Guidelines"). His counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), in which she sought permission to withdraw and

challenged the substantive reasonableness of Sanders's sentence. Sanders filed a pro se brief claiming ineffective assistance of counsel, and challenging a Guidelines enhancement. We denied counsel's motion to withdraw and ordered briefing on whether the denial of Sanders's request to proceed pro se after his guilty plea falls outside the scope of the appeal waiver, and whether the district court committed reversible error by denying that request.

In a written appeal waiver, Sanders waived, inter alia, his right to appeal or collaterally attack his sentence, except as to, as relevant, an "illegal sentence." The waiver further stated, "An 'illegal sentence' includes a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." After Sanders pled guilty, he filed a pro se motion for new counsel, asserting, inter alia, his relationship with counsel was "strained" because she refused to move to withdraw his guilty plea. The motion was denied, and he thereafter filed two identical motions, in which he requested permission to proceed pro se and cited *Faretta v. California*, 422 U.S. 806 (1975). He also filed a pro se "memorandum of law" raising issues not asserted in counsel's objections to the presentence report. At sentencing, the district court denied Sanders's motions to proceed pro se, stating it had reviewed his pro se filings and, based on the quality of his memorandum, concluding Sanders was not capable of self-representation. The district court also indicated it would not consider argument as to those rulings.

Initially, we conclude the government has not shown the appeal waiver in this case clearly and unambiguously waived Sanders's right to appeal a violation of his Sixth Amendment right to self-representation at sentencing. *See United States v. Bradford*, 806 F.3d 1151, 1154-55 (8th Cir. 2015) (noting appeal waiver did not "precisely limit" definition of illegal sentence, and instead provided illegal sentence "includes" some specific errors, but "does not include" less serious errors; stating this

language implied there could be a range of sentencing errors, not all of which would fall within scope of waiver; concluding defendant's argument his constitutional rights were violated at sentencing, if true, might bring his sentence within waiver's definition of illegal sentence); *United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009) (describing a plea agreement as a contract between government and defendant; stating the burden is on government to prove a plea agreement clearly and unambiguously waives defendant's right to appeal, and any ambiguities are construed against the government).

We further conclude Sanders clearly and unequivocally asserted his right to self-representation, and the district court erred by denying the request without conducting a *Faretta* hearing. *See United States v. Kelley*, 774 F.3d 434, 441 (8th Cir. 2014) (explaining if request for self-representation is clear and unequivocal, *Faretta* hearing must follow; stating right to self-representation is not absolute and can be denied in certain circumstances, such as when request is untimely, defendant deliberately engages in serious and obstructionist misconduct, or defendant is unable to validly waive counsel). Even assuming, without deciding, this issue is subject to review for harmless error, we conclude the error was not harmless, because the record indicates Sanders and his counsel did not agree as to the motions to be filed and the objections to be asserted at sentencing, and Sanders was not allowed to address the district court freely on those issues. *See McKaskle v. Wiggins*, 465 U.S. 168, 179-81 (1984) (concluding *Faretta* rights had been adequately vindicated where defendant "was given ample opportunity to present his own position to the court on every matter discussed"); *see also United States v. Evans*, 559 F. App'x 475, 479-80, 484 (6th Cir. 2014) (unpublished) (where record showed defendant and counsel disagreed as to strategy on important issues, including which motions to file and objections to assert, and issues were not resolved in accordance with defendant's wishes, denial of self-representation at sentencing could not be harmless, even assuming harmless-error review applied). In light of this conclusion, we need not consider the arguments raised in the *Anders* and pro se briefs.

Accordingly, we vacate Sanders's sentence and remand to the district court for further proceedings consistent with this opinion.

_____