# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3389
_____

United States of America

*Plaintiff - Appellee*

v.

James Hawkins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: July 30, 2021
Filed: August 6, 2021
[Unpublished]
_____

Before COLLOTON, GRUENDER, and KOBES, Circuit Judges.
_____

PER CURIAM.

Following a bench trial, James Hawkins was convicted of possessing an unregistered firearm and being a felon in possession of a firearm. On appeal, his counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and has moved to withdraw. Upon review of Hawkins's arguments, we affirm.

Hawkins contends that his conduct did not involve interstate commerce. We reject this contention, as well as his related challenge to the jurisdiction of the district court.[1] The government satisfied its burden of proving the interstate commerce element of the felon-in-possession statute by adducing evidence that the firearm in question was manufactured in another state. *See United States v. Schmidt*, 571 F.3d 743, 746-47 (8th Cir. 2009) (stating that 18 U.S.C. § 922(g) is "expressly tied to interstate commerce" because it contains a requirement that the firearm possession affects interstate commerce); *United States v. Carter*, 270 F.3d 731, 734-35 (8th Cir. 2001) (concluding that expert testimony was sufficient to prove the interstate commerce element of 18 U.S.C. § 922(g) where the expert testified that the firearm was manufactured in a state other than the state in which the defendant possessed it); *United States v. Rankin*, 64 F.3d 338, 339 (8th Cir. 1995) (per curiam) (denying a motion to dismiss for lack of subject matter jurisdiction and stating that § 922(g)(1) "clearly is tied to interstate commerce"). A commerce clause challenge cannot succeed with respect to Hawkins's conviction for possessing an unregistered firearm, moreover, given that we have held that the applicable statute is a valid exercise of taxing power. *See United States v. Hall*, 171 F.3d 1133, 1142 (8th Cir. 1999) (holding that 26 U.S.C. § 5861(d) is a valid exercise of the taxing power).

We further conclude that the district court did not err in denying Hawkins's motion to compel an informant to testify, as Hawkins did not show that the informant's testimony was necessary. *See United States v. Wyman*, 724 F.2d 684, 686 (8th Cir. 1994) (stating that this court reviews a ruling on a request to subpoena a witness at government expense for abuse of discretion; the burden is on the defendant to show the witness is necessary for the defendant to present an adequate defense). Hawkins also argues that he should have been granted a bill of particulars. Even assuming this argument has not been waived, we conclude it is without merit. *See*

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

*United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (affirming the district court's denial of a request for a bill of particulars where the defendant did not show how he was prejudiced by that ruling); *see also United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014) (stating that the defendant waived his right to appeal a nondispositive issue decided by a magistrate judge by failing to file objections with the district court). Finally, we conclude that the district court did not impose an unreasonable sentence. The court properly considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication that the court considered an improper or irrelevant factor or committed a clear error in weighing relevant factors. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (discussing appellate review of sentencing decisions).

Having independently reviewed the record under *Penson v. Ohio,* 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion and affirm.

_____