# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3637
_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Joseph Forcier

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 17, 2023
Filed: November 7, 2023
[Unpublished]
_____

Before GRUENDER, STRAS, and KOBES, Circuit Judges.
_____

PER CURIAM.

Police found methamphetamine in Andrew Forcier's car during a traffic stop. After he pleaded guilty to conspiring to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, he did not appear at sentencing. When he was arrested

two years later, the district court[1] appointed him counsel for sentencing to replace the one he had retained years earlier. Forcier then moved for new appointed counsel. The court denied his motion and imposed a below-Guidelines sentence. Forcier appeals, arguing that the court abused its discretion by denying his motion for new appointed counsel and that his retained counsel was ineffective. We affirm.

## I.

We review the denial of a motion for new counsel for abuse of discretion. United States v. Harriman, 970 F.3d 1048, 1059 (8th Cir. 2020). To get new counsel, a defendant must show "justifiable dissatisfaction with his appointed counsel that arises from difficulties such as 'irreconcilable conflict, a complete breakdown in communication, or any other factor interfering significantly with an attorney's ability to provide zealous representation.'" Id. (citation omitted). It is not enough to show "frustration with his counsel or disagreements with h[er] tactical decisions." Id. A defendant has a right to "competent and effective legal counsel, nothing more." United States v. Kelley, 774 F.3d 434, 439 (8th Cir. 2014).

Forcier asked for new counsel because communication had broken down completely and there was an irreconcilable conflict. The problem, he said, was a disagreement about whether counsel should rely on a case called Ferguson at sentencing. In Ferguson, the district court used the base offense levels for methamphetamine mixtures to calculate the Guidelines range of a defendant who had possessed pure methamphetamine because the court disagreed with the U.S. Sentencing Commission's decision to treat pure methamphetamine more harshly than methamphetamine mixtures. United States v. Ferguson, No. 17-204, 2018 WL 3682509, at *3–4 (D. Minn. Aug. 2, 2018). But Forcier's Guidelines range was already based on the lower base offense levels for methamphetamine mixtures. So counsel correctly advised him that Ferguson did not help him.

---

[1]The Honorable Patrick J. Schiltz, Chief Judge, United States District Court for the District of Minnesota.

Forcier also told the district court that he was dissatisfied with counsel because he did not know whether she had brought up his medical conditions. The court said that counsel's sentencing memo did a good job explaining his conditions and that it would probably give him a lower sentence because of her advocacy. When the court later imposed a sentence 112 months below Forcier's Guidelines range, it cited his health as its first reason for the variance.

Forcier may have been dissatisfied with his appointed counsel. But his dissatisfaction was not justified because she gave him sound legal advice and zealously argued that his medical conditions called for a downward variance. See United States v. Barrow, 287 F.3d 733, 738 (8th Cir. 2002). The district court did not abuse its discretion by denying his motion for new counsel.

## II.

Forcier argues next that his retained counsel was ineffective for failing to move to suppress the methamphetamine police found in his car. He also argues that retained counsel should have objected to his presentence report on the grounds that he deserved a minor role reduction and a lower criminal history score.

Ineffective assistance claims are "usually best litigated in collateral proceedings." United States v. Ramirez-Hernandez, 449 F.3d 824, 826–27 (8th Cir. 2006). This case is no exception. See id. at 827 ("We will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent."). We decline to address Forcier's ineffective assistance claim without prejudice to him reasserting it in a collateral proceeding.

## III.

We affirm the district court's judgment.

_____

-3-