# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2883
_____

United States of America

*Plaintiff - Appellee*

v.

Darrell L. Smith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: February 28, 2025
Filed: March 5, 2025
[Unpublished]
_____

Before GRUENDER, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

After a jury found Darrell Smith guilty of drug and firearm offenses, he received a 240-month prison sentence. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; 18 U.S.C. § 924(c)(1)(A). An *Anders* brief suggests that the district court[1] should

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the

have suppressed evidence found in a search of his house and excluded text messages from his former girlfriend. *See Anders v. California*, 386 U.S. 738 (1967). In addition to challenging the basis of the search, a pro se supplemental filing raises the failure to independently test the drugs, the lack of a representative jury, and the insufficiency of the evidence as other issues for us to consider.

None merits relief. Corroborated tips from known sources provided probable cause for the warrant, *see United States v. Knutson*, 967 F.3d 754, 758–59 (8th Cir. 2020) (per curiam); the text messages were in furtherance of a drug-trafficking conspiracy, *see United States v. Craig*, 94 F.4th 752, 756–57 (8th Cir. 2024) (citing Fed. R. Evid. 801(d)(2)(E)); he waived his argument that he had the right to test the drugs at an independent laboratory, *see United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014) (citing Fed. R. Crim. P. 59(a)); and the makeup of the jury did not present a constitutional problem, *see United States v. Jones*, 687 F.2d 1265, 1269 (8th Cir. 1982). As for sufficiency, the evidence of how the drugs were packaged, where Smith kept his guns and body armor, and what he did with them, taken together, made it reasonable to infer that the drugs were for distribution and the guns and armor were for protection. *See United States v. Parish*, 606 F.3d 480, 489–90 (8th Cir. 2010); *United States v. Barrett*, 552 F.3d 724, 727–28 (8th Cir. 2009).

Finally, we have independently reviewed the record and conclude that no other non-frivolous issues exist. *See Penson v. Ohio*, 488 U.S. 75, 82–83 (1988). We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____

Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.